### RACHEL L. FROST v. DANIEL B. FROST, Appellant.

**Division One, December 22, 1906.**

1. **DEED TO HUSBAND AND WIFE: Estate by Entirety: Married Woman's Statutes.** A deed to a husband and wife creates an estate by the entirety. The title in such an estate, under our Married Woman's statutes, is as it was at common law: neither husband nor wife has an interest in the property to the exclusion of the other; each owns the whole while both live, and at the death of either the other continues to own the whole, freed from the claim of any one claiming under or through the deceased.

2. ————: ————: ————: **Separate Estate: Control.** The statute, in declaring that the wife's separate property shall be "under her sole control," did not have reference to estates by the entirety.

3. ————: ————: **Sale: Reinvestment: Resulting Trust: Separate Estate.** Where the husband and wife held land by entirety, and sold that land, and he with the proceeds bought other land and took the title in his name alone, the court cannot decree that the wife have judgment against the husband for one-half of the proceeds, and decree her a lien on the land purchased for the amount. She had no separate estate in that land.

The husband had no right to take the title in his own name but to the extent of the proceeds of the sale of the other land he held it in trust, and the decree should be that, to that extent, there was an estate by the entirety in the land purchased in favor of both, and to that extent the title should be vested in both as an estate in entirety, and the remainder (the portion which was purchased with his own money) should be vested in him alone.

Appeal from Cass Circuit Court.—*Hon. W. L. Jarrott,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. S. Brierly* and *T. N. Haynes* for appellant.

(1) The legal effect of the deeds under which the ninty-eight acres of Clark land in Clinton county were held and as pleaded in plaintiff's petition, was to create an estate in plaintiff and defendant as tenants by the entirety. Wilson v. Frost, 186 Mo. 311; Hume v. Hopkins, 140 Mo. 65; Bains v. Bullock, 129 Mo. 117; Russell v. Russell, 122 Mo. 235; Hall v. Stephens, 65 Mo. 670; Shroyer v. Nickell, 55 Mo. 264; Garner v. Jones, 52 Mo. 68; Gibson v. Zimmerman, 12 Mo. 385; Dias v. Glover, 1 Hoffman's Chy. 71; Stuckey v. Keefe's Ex'r, 26 Pa. St. 397. (2) The title to the Clinton county land being held by the entirety, Mrs. Frost had no separate interest therein as defined by section 4340, Revised Statutes 1899, and the husband by reducing the proceeds to his possession became the absolute owner thereof, it being unnecessary for any writing from his wife. Black v. Slaton, 92 Mo. App. 662; Tiffany on Dom. Rel., p. 140; Spierer v. Opfer, 40 N. W. 909; Curtis v. Crowe, 41 N. W. 876. (a) To entitle the wife to the sole use of property as against her husband, she must have acquired it in the manner pointed out by statute (section 4340). Black v. Slaton, 92 Mo. App. 666. (b) And unless property claimed by her was acquired in the manner pointed out

by statute, the same is subject to the control of the husband. Cases supra. (3) An estate by the entirety cannot be segregated or partitioned while the marital relation exists, so as to give each grantee either an undivided interest in the land or a right in severalty to a particular part of it. Bains v. Bullock, 129 Mo. 117; Russell v. Russell, 122 Mo. 235; Thornton v. Thornton, 3 Randolph 179; 2 Bishop, Mar. & Div., sec. 1652.

*C. W. Sloan* and *A. A. Whitsitt* for respondent.

(1) Even if the Clinton county land—which the evidence shows was conveyed to plantiff and defendant jointly—was paid for by defendant alone, and therefore so far as one-half of same constituted an advancement to plaintiff, the defendant as her husband would have no right to the proceeds of her half of what the land sold for, and which it is conceded was invested in Cass county land, as she gave no written consent to an investment in defendant's name. Gilliland v. Gilliland, 96 Mo. 522; Craig v. VanBebber, 100 Mo. 591; Hart v. Leete, 104 Mo. 335; McGuire v. Allen, 108 Mo. 403; Leete v. Bank, 115 Mo. 184; Jones v. Elkins, 143 Mo. 65; Curd v. Brown, 148 Mo. 92; Winn v. Riley, 151 Mo. 66; Hart v. Cook, 151 Mo. 427; Case v. Espenschied, 169 Mo. 219; Siling v. Hendrickson, 92 S. W. 105. (2) Plaintiff became the owner of one-half of the ninety-eight acres in Clinton county, conveyed by Clark and wife, August 6, 1895, and the interest acquired by her became her separate estate; the petition alleged, the proof showed and the court found, that she acquired the same from the proceeds of her separate estate. Bank v. Hageluken, 165 Mo. 443; Jones v. Elkins, 143 Mo. 647; James v. Groff, 157 Mo. 421; McGuire v. Allen, 108 Mo. 403; Winn v. Riley, 151 Mo. 67. And the evidence disclosed no consent, in writing, for defendant to invest the proceeds of sale of said Clinton county land in the Cass county land; nor can such consent be im-

plied. Hart v. Cook, 151 Mo. 416; Rice v. Shipley, 159
Mo. 399; Broughton v. Brand, 94 Mo. 169, 169 Mo. 219;
Siling v. Hendrickson, 92 S. W. 105. (3) The evi-
dence showed, and the court so found, that the one-half
of the ninety-eight acres in Clinton county was pur-
chased by the separate means of plaintiff; and the mere
fact that the land was conveyed to the husband and
wife jointly did not operate to make an estate by the
entirety. Johnston v. Johnston, 173 Mo. 118; McLeod
v. Venable, 163 Mo. 536; Viers v. Viers, 175 Mo. 445.
(4) A trust fund may be followed as far as it can be
traced; and where a husband uses money of his wife in
the purchase of land, she may have and enforce a spec-
ific lien against the land to satisfy her debt. Crawford
v. Greenleaf, 48 Mo. App. 590; Harrison v. Smith, 85
Mo. 216; Munroe v. Collins, 95 Mo. 42; Phillips v. Over-
field, 100 Mo. 466; Tufts v. Latshaw, 172 Mo. 373; Pat-
terson v. Booth, 103 Mo. 413; Hockensmith v. Hocken-
smith, 57 Mo. App. 374; Bircher v. Walther, 163 Mo.
468; Pearson v. Haydel, 90 Mo. App. 264; Farrell v.
Farrell, 91 Mo. App. 673; Perry on Trusts (4 Ed.), sec.
128; Crawford v. Jones, 163 Mo. 577. As said in John-
ston v. Johnston, 173 Mo. 118, "If money of wife is
used in his [the husband's] business his wife could
treat him as her debtor or trustee as she chooses." (5)
Even if the court should find the ninety-eight acres of
land in Clinton county was held by plaintiff and de-
fendant as estate in entirety, still, by reason of the
joint sale of said lands, said estate became destroyed,
and converted into money. And by reason of the Mar-
ried Woman's act in force at the time in this State, she
owned an equal interest therein. Johnson v. Johnson,
173 Mo. 115; Bains v. Bullock, 129 Mo. 120; Russell v.
Russell, 122 Mo. 235; Freeman on Co-tenancy and Par-
tition (2 Ed.), sec. 444-75; Joerger v. Joerger, 91 S. W.
920; 15 Am. and Eng. Ency. Law (2 Ed.), 851; Buttlar
v. Rosenblath, 42 N. J. Eq. 651; Hiles v. Fisher, 144

N. Y. 313; Kip v. Kip, 33 N. J. Eq. 213; O'Conner v. McMahan, 44 Hun 66; Grosser v. Rochester, 148 N. Y. 235; Brown v. Brown, 34 Hun 487; Goelet v. Gori, 31 Barb. 314. (6) The Married Woman's act is broad enough to permit a married woman to contract with her husband, and her contract with him will be enforced in law, just as if she had contracted with a third person. Under the Married Woman's acts the husband and wife can deal with each other directly in law as in equity. She is not prohibited any longer from contracting with him, nor he with her. Rice, Stix & Co. v. Sally, 176 Mo. 107.

VALLIANT, J.—Plaintiff is the wife of defendant. There are two counts in her petition. In the first it is alleged that the plaintiff and defendant jointly owned certain land in Clinton county, each owning an undivided half, which they sold for $3,000; that defendant collected and appropriated to his own use the whole sum, therefore plaintiff asks judgment for $1,500 and interest. In the second count it is alleged that in 1888 plaintiff and defendant being then husband and wife and residing in Missouri each owning "certain moneys" (how much each owned is not stated) invested those moneys in certain real estate in Clinton county "taking the title to said real estate in their names jointly, each owning an undivided half interest therein;" that in 1901 by their joint deed they sold the Clinton county land for $3,000, all of which sum came into the possession of defendant and with it he purchased 200 acres in Cass county at the price of $6,000, paying therefor $4,000 cash and executing a deed of trust for the remaining $2,000; that of the $4,000 cash, $3,000 was the proceeds of the Clinton county land, one-half of which plaintiff avers was her own separate estate; that at the time of the purchase of the Cass county land it was agreed between the plaintiff and defendant "that

the deed should be made to plaintiff and defendant jointly, giving to each one his respective share or interest, in the same manner that the title to the real estate in said Clinton county was held,'' but that in violation of that agreement defendant, without the knowledge or consent of plaintiff, took the title in his own name, in consequence, by implication of law, a trust has resulted in plaintiff's favor. The prayer is that defendant be decreed to have taken the title, to the extent that her $1,500 represent the purchase money in the land in trust for her use. There was also a prayer for general relief. The answer was a general denial except the admission that plaintiff and defendant were husband and wife.

The cause was tried by the court without a jury. There was a finding of the issues for the defendant on the first count and judgment accordingly, from which there was no appeal. That count therefore is out of our way.

On the second count the finding and judgment were for the plaintiff, the judgment being that the plaintiff recover of defendant $1,400 and interest, viz., $1,436.63, for which execution was awarded and also that for satisfaction of the same the plaintiff should have a lien on the Cass county land. From that judgment the defendant has appealed.

At the trial the plaintiff endeavored to prove that some of her money went into the purchase of the Clinton county land; her proof on that point however was very vague and unsatisfactory. If she were here attacking the deed to the Clinton county land, seeking to reform it so as to establish a title by resulting trust in her favor on the ground that her husband used her money to purchase the land, her suit would fail because her proof is not sufficient; but such is not the character of this suit, she is not attacking the Clinton county deed, and the defendant is not disputing its terms.

Here the plaintiff comes alleging that she was the owner in fee as her separate statutory estate of an individual half of the Clinton county land and relies on the deed conveying that land to her and her husband to prove that title. She says in her petition that when that land was sold it was agreed between her and her husband, that the proceeds should be invested in the Cass county land, "and that the deed should be made to the plaintiff and defendant jointly, giving to each one his respective share or interest in the same manner that the title to the real estate in Clinton county was held." She stands on that Clinton county deed as it is, and avers that it gave her an undivided half of the land as her separate estate. But when the deed was produced in evidence it showed that the title was not as she alleged, but that it vested in her and her husband as an estate in entirety. Neither she nor her husband owned a half interest, they each owned the whole interest while both should live, and the survivor would have the whole when either should die. While they both lived in the marital relation she would have the equal enjoyment of the property with her husband and in that qualified sense it might perhaps be said she had a half interest, but in addition to that right she had the contingent prospect of owning it all, and of that contingent right her husband could not deprive her.

Washburn, speaking of estates in entirety, says: "But if the estate is conveyed to them originally as husband and wife, they are neither tenants in common nor properly joint-tenants, though having the right of survivorship, but are what are called tenants by entirety. While such estates have, like a joint-tenancy, the quality of survivorship, they differ from that in this essential respect, that neither can convey his or her interest so as to affect the right of survivorship in the other. They are not seized, in the eye of the law,

of moieties, but of entireties." [1 Washburn, R. P. (6 Ed.), p. 562.]

The common law doctrine of estates in entirety is the law of this State. [Hall v. Stephens, 65 Mo. 670; Bank v. Fry, 168 Mo. 492.]

The text-writer last above quoted on the same subject adds that on the death of either the survivor does not acquire a new title, but holds only the same title which he or she took in the beginning, freed of the contingency.

An estate in entirety is not a joint tenancy in which each holds an individual right. A joint tenant may destroy the joint tenancy and thereby destroy the right of survivorship by conveying his right to a third person, in which event his former co-tenant and the third person to whom the conveyance is made become, as to each other, tenants in common. But neither the husband nor the wife in an estate of entirety can so destroy the character of the estate as to prevent the survivor becoming the sole owner. An estate in entirety is a peculiar common law estate sometimes said to be founded on the common law doctrine that the husband and wife are one. Perhaps it will not do to say that the estate rests entirely on that foundation, because sometimes we say that when the reason for a certain law ceases the law founded on the reason also ceases. Modern legislation has done much to destroy the unity of husband and wife, yet in spite of such legislation it has been held in this State and elsewhere that estates in entirety remain as at common law. [Hall v. Stephens, 65 Mo. 670; Bains v. Bullock, 129 Mo. 117; Bank v. Fry, 168 Mo. 492; Wilson v. Frost, 186 Mo. 311; Baker v. Stewart, 40 Kan. 442.]

Whilst estates in entirety originated in the common law and were therefore in harmony with the ancient theory that the husband and wife were one, yet, that

such estates did not arise as a necessity from that theory is shown by the fact that the common law also recognized that the husband and wife might become tenants in common. [1 Washburn, R. P. (6 Ed.), p. 562; 4 Kent (14 Ed.), p. 414.] Therefore, the Married Woman's statutes, by dispelling the idea of the unity of husband and wife, do not abolish or alter the character of estates in entirety.

This court has held that the rights of the parties in an estate in entirety are in so far affected by our Married Woman's statutes that a wife who, in the absence of her husband (he being an inmate of an asylum for the insane) was alone in possession of the land and was wrongfully dispossessed by a stranger, could maintain ejectment in her own name and recover on the strength of her title in the estate in entirety. [Bains v. Bullock, above cited.] The court said: "The conveyance vests in the husband and wife the entire estate, not a joint interest. Each is entitled to the possession as against every person except the other." The court said that since the Married Woman's statute gave the wife the right to sue for whatsoever was hers, without joining her husband, therefore it was unnecessary for her husband to join in that suit, and that since as against everybody except her husband she was entitled to the whole estate she was entitled to recover in that suit. In the circuit court in that case the judgment was for the wife for an undivided half of the land. This court said: "That was error. There could be no division of the estate." She was entitled to recover the whole.

In Baker v. Stewart, above cited, it was contended that the effect of the Married Woman's statute of Kansas was to convert that which would have been an estate in entirety at common law into an estate in common, but the Supreme Court of that State held that although by force of the Kansas statute a married

woman in the control and disposal of her separate property was as free and unincumbered as a married man and although she had an equal right with her husband to the control of property in which their title was an estate in entirety, yet she had not a separate estate in it, and that on her death her title did not descend to her heirs; the court, per VALENTINE, J., said: "And nearly all the authorities hold that the statutes relating to married women, and giving them the right to control and manage their own separate property, do not in the least affect the question as to what estate passes by a deed to a husband and wife, or what either shall take on the death of the other, and those authorities hold that such estate is still one of entirety." Thereupon the court refers to a long list of cases which so hold.

Under the facts of the case at bar it is not necessary for us to decide whether or not under our Married Woman's statutes the husband has been shorn of the exclusive right to the possession and control of the property held as an estate in entirety; it is sufficient to say, as we do say, that the title in such an estate is as it was at common law; neither husband nor wife has an interest in the property, to the exclusion of the other; each owns the whole while both live and at the death of either the other continues to own the whole, freed from the claim of any one claiming under or through the deceased.

Our Married Woman's statute, section 4340, Revised Statutes 1899, after declaring what shall be her separate property, says that it shall be "under her sole control." The lawmakers did not have estates in entirety in mind when they wrote that section.

There are decisions of this court which say that if a husband should invest his wife's money without her written consent in the purchase of land, taking the title in the names of himself and his wife so as to create an

estate in entirety, she may in a suit in equity have a resulting trust declared in her favor and the estate in entirety be set aside and the title vested in her or in a trustee for her use. [Jones v. Elkins, 143 Mo. 647; Johnston v. Johnston, 173 Mo. 91.]

But those decisions do not proceed on the theory that the common law estate in entirety has been abolished or altered in any respect; they proceed on exactly the same principle that would govern in a case where the husband under like circumstances had taken the title in his own name exclusively. It would be a fraud of the same character on the wife if the husband should take a deed in the name of himself and her when it should have been taken in her name alone, as it would be if he had, under like circumstances, taken it in his own name alone. And by the same principle, if the husband takes the proceeds of property that belonged to him and his wife in entirety and invests the same in other land taking the title to himself alone, a court of equity, at the suit of the wife, will raise a resulting trust in her favor and decree that the husband holds the title in trust for his wife and himself as an estate in entirety.

The trial court erred, therefore, when it decided that one-half the proceeds of the Clinton county land, $2,800 (which is the amount the court found was the proceeds of that land) belonged to the plaintiff as her separate property. None of it belonged to her as her separate property, and none of it belonged to her husband as his exclusive property, the whole sum belonged to them both as husband and wife as an estate in entirety, and being so, the husband had no right to use it in the purchase of land taking the title in his own name; he should have taken the title, to the extent that that money purchased, in the joint names of himself and wife.

The evidence shows that the defendant invested the

proceeds of the Clinton county land, $2,800, together with $3,700 of his own money, making in all $6,500, in the Cass county land. To the extent that $2,800 represents the purchase price of the land the defendant was in duty-bound to have taken the title in the name of himself and wife as an estate in entirety, and to that extent he will be decreed now to hold the title in trust.

The judgment is reversed and the cause remanded to the circuit court of Cass county with directions to enter a judgment in plaintiff's favor decreeing that the title to an undivided forty-three one-hundredths of the Cass county land in question is vested in the plaintiff and defendant as husband and wife as an estate in entirety and the title to the remaining undivided portion of the land is vested in the defendant, and that the plaintiff recover of defendant the costs in the circuit court. The judgment so entered will relate back to the date of the filing of this suit in the circuit court and will be an adjudication of the rights of the parties at that date; whatever may have occurred since then to affect the rights of either party or both is not *res judicata* by the judgment in this case.

All concur, except *Graves, J.,* not sitting.