MATHIAS EWEN et al., Plaintiffs in Error, v. EDWARD S. HART et al., Defendants in Error.

St. Louis Court of Appeals.   Argued and Submitted March 2, 1914.
Opinion Filed April 7, 1914.

1. **TRESPASS: Pleading: Consistency of Defenses.**   In an action for trespass on real estate, defenses of a license from plaintiffs and of an entry by virtue of a lawful condemnation are not inconsistent with a general denial.

2. —————: —————: **Burden of Proof.**   In an action for trespassing on plaintiffs' land by constructing a sewer thereon, where defendants pleaded a general denial, further defenses that the sewer was laid with plaintiffs' consent and on a right of way condemned for sewer purposes did not shift the burden of proof nor relieve plaintiffs of the burden of proving that all of the defendants participated in the trespass.

3. —————: **Joint and Several Liability.**   Where parties are present or assist in the commission of a trespass on real estate, all who participate therein are liable, either jointly or severally.

4. —————: **Ownership: Sufficiency of Evidence.**   In an action by a husband and wife for a trespass on real estate, evidence *held* insufficient to show that the wife had any interest in the property as tenant by the entirety, or otherwise; and hence the husband's written consent to defendant's acts was admissible in evidence, as tending to establish the defense that permission to enter was given, notwithstanding it was not signed by the wife.

5. **HUSBAND AND WIFE: Tenancy by the Entirety: Rights of Husband.**   A husband may grant a license or permission to lay a sewer on land owned by him and his wife by the entirety, without being joined therein by the wife, and such license or permission is good as against both husband and wife during their joint lives and is absolute against the husband if he survives the wife.

6. **TRESPASS: Defenses: Evidence.**   In an action for trespassing on plaintiffs' land by constructing a sewer thereon, where defendants pleaded that plaintiffs had granted them a license to enter and that the entry was by virtue of a lawful condemnation by defendant, *held* that city records of the city relating to the construction of the sewer and the condemnation of the land were properly admitted in evidence.

7. ———: *Instructions: Ignoring Defenses.* In an action for tres-
pass on real estate by constructing a sewer thereon, an in-
struction requested by plaintiffs, that if defendants entered on
plaintiffs' premises and laid a sewer without rendering plain-
tiffs adequate compensation, the jury should take into account
the way in which the sewer ran and the fact that it created an
easement, and, in arriving at their verdict, take into account
the damages to the lots for building purposes, and, if the total
building value was taken away, fix such damages as they
believed would be reasonable compensation, was ·properly re-
fused, as it purported to cover the whole case and ignored
the defense presented by the pleadings and the evidence, that
the entry and construction of the sewer were either under a
valid ordinance of condemnation or by plaintiffs' permission.

8. ———: ———: ———. In an action against a city and
others for trespassing on plaintiffs' land by constructing a
sewer thereon, an instruction requested by plaintiffs, that the
action was against three defendants, charging a joint trespass,
and that the answer was, that the city had duly condemned
a right of way for the sewer, and that if a trespass was com-
mitted, all who encouraged, advised or assisted in the trespass
at the time the act was committed were guilty, whether they
were present or not, was properly refused, for the reason that
the court had already properly instructed the jury that there
was no evidence against the city and one of the other defend-
ants, and for the further reason that it ignored the defense
presented by the pleadings and the evidence, that the entry and
construction of the sewer were with plaintiffs' permission.

9. **INSTRUCTIONS: Ignoring Defenses.** An instruction given for
the. plaintiffs purporting to. cover the whole case is erroneous
if it ignores a defense presented by the pleadings and supported
.by the evidence.

10. **TRESPASS: Defenses: Instructions: Burden of Proof.** In an
action for trespassing on plaintiffs' land by constructing a sewer
thereon, where one of the defenses set up was that the sewer
was laid on a right of way condemned for sewer purposes, it
was not reversible error to refuse an instruction requested by
plaintiff, to the effect that the burden of proving condemnation
was on plaintiffs.

11. ———: ———: ———. In an action for trespassing on
plaintiffs' land by constructing a sewer thereon, where defend-
ants pleaded that the sewer was laid with plaintiffs' consent and
on a right of way condemned for sewer purposes, and there
was evidence to sustain these allegations, an instruction that
if plaintiffs were in possession of the premises, and if, without
the consent of plaintiffs, or either of them, defendants entered
thereon and excavated a trench and laid a sewer pipe, to find

for plaintiffs, and, in arriving at the damages, to take into account the diminution in value by reason of the construction of the sewer, was more favorable to plaintiffs than they were entitled to, and hence they were in no position to complain of it, on appeal.

12. ———: ———: ———: Persons Liable. In an action for trespassing on real estate, where the court had properly charged that there was no evidence against two of the defendants, an instruction to find for plaintiffs under certain circumstances properly directed that such finding should be against the third defendant alone.

Error to St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

*Eugene Hale* for plaintiffs in error.

(1) The trial court erred in sustaining defendant's Hart's and Webster Groves' motion at the close of plaintiff's case, in words and figures as follows: "Now comes Edward S. Hart and city of Webster Groves, by their attorney, and requests the court to instruct the jury that they must find for the said defendants upon the failures of plaintiffs to offer any evidence as against them or to connect them with the alleged trespass." Plaintiffs' testimony produced up to this point of the trial was more strongly in favor of holding the defendant Hart and the city of Webster Groves than it was against the defendant McMahon, the contractor; and all defendants were equally bound by their joint plea of confession and avoidance. It is the well-established rule in this State that a general denial is overcome by a subsequent confession and avoidance. Aull v. Railroad, 136 Mo. App. 291; Pierce v. May Co., 83 Mo. App. 470. The action was one sounding in trespass, and not only is the one who does the work without a valid ordinance a trespasser, but the city officials who are present from time to time superintending and encouraging the work are likewise

trespassers. Faust v. Pope, 132 Mo. App. 287; Cox v. Railroad, 125 Mo. App. 356. (2) The trial court erred in the admission of defendants' exhibit number 1 in evidence, a communication passing between the co-defendants and on the reverse side of which contained a memorandum: "3-9-08. This agreement is satisfactory to me. Signed, J. D. Davison, M. Ewen." The principal plaintiff in the case at bar, to-wit: Kate Ewen, is not shown by the exhibit itself or by extrinsic evidence elsewhere in the record to have any connection with said paper or defendants' exhibit 1. (3) The court erred in admitting in evidence ordinance number 467, and allowing the same to be read to the jury, when said ordinance on its face showed that it was never approved by the mayor, and no certificate of its force and effect ever having been produced. (4) The court erred in permitting counsel as a witness for defendants, over the objections of plaintiffs, to read from the minutes of the journal of the board of aldermen, without ever having said minutes properly identified in support of an alleged ordinance number 467. And the court erred and prejudiced the jury against plaintiffs by his uncalled-for remark on page 32 of abstract: "The court: counsel says if the bill is not signed within a week it becomes a law any way. I will overrule the objection." (5) The trial court erred in refusing plaintiffs' instructions, instructions refused 1, 2 and 3. (6) The trial court erred in giving defendants' instructions number 2 and number 4. (7) The trial court erred in giving court's instruction number 1. Pratt v. Railroad, 130 Mo. App. 175; Cox v. Railroad, 123 Mo. App. 356.

*S. D. Hodgdon* and *E. G. Curtis* attorneys for defendants in error.

A plea of confession and avoidance only overcomes a general denial insofar as one is inconsistent

with the other. McCormick v. Kaye, 41 Mo. App. 263; Ledbetter v. Ledbetter, 88 Mo. 60; Atterbury & Nichols v. Hendricks, 127 Mo. App. 47.

REYNOLDS, P. J.—This is an action by plaintiffs, who state in their petition that they were "lawfully possessed of and in possession of" certain real estate, consisting of three lots in Tuxedo Park in the city of Webster Groves, and that defendants, on the day named, with force and arms, entered upon the premises of plaintiffs and dug and excavated for the laying off, and did lay, a sewer, or sewers, diagonally across the premises, contrary to the form of the statute in such case made and provided; that by reason of the excavation and laying of the sewer or sewers, the premises have been made totally unfit for building purposes, and plaintiffs have been damaged in the sum of $1500. They ask judgment "for treble damages as were occasioned by the acts of defendants, together with costs."

The abstract sets out that the defendants, "further answering," aver that the sewer was laid along a natural watercourse, with the consent of plaintiffs and on a right of way condemned by the city of Webster Groves for sewer purposes. It appears by the briefs and statements of counsel that the answer also contained a general denial.

The reply filed was a general denial. The cause went to trial before the court and a jury and resulted in a verdict in favor of defendants. Filing a motion for new trial and excepting to that being overruled, plaintiffs sued out a writ of error from this court.

There are eight points made in support of the contention that the action of the circuit court should be reversed and the cause remanded.

The first is, that the court erred in sustaining a demurrer of defendants, the city of Webster Groves and Hart, at the close of plaintiffs' case in chief. In

support of this contention it is urged that the general denial is overcome by a subsequent confession and avoidance, and that as the evidence showed that these two defendants were present from time to time in superintending and encouraging the work, they were joint trespassers. The first of these propositions cannot be sustained. There is nothing inconsistent in joining with the denial of having committed a trespass, an averment of facts which, if true, as for instance, a license or a lawful condemnation, controverts the averment of no trespass. Nor did these denials shift the burden of proof. As to the second proposition above, it is true that where parties are present or assist in the commission of a trespass, all who participate in it are liable, either jointly or severally, but in the case at bar when plaintiffs closed in chief there was a total failure of evidence connecting either the city of Webster Groves or defendant Hart with any trespass upon this property, so that the demurrer to the evidence, so far as they were concerned and as the evidence then stood, was properly sustained.

The second point made is that the court erred in the admission of defendants' Exhibit "No. 1," in evidence, for the reason, as it is alleged that one of the plaintiffs in the case, Mrs. Kate Ewen, is not shown, either by this exhibit or by any other evidence to have been connected with that paper or assented to its execution. This Exhibit "No. 1" referred to is a communication addressed to Mr. Hart, the mayor of the city of Webster Groves by Mr. McMahon, the contractor for the construction of the sewer, in which Mr. McMahon sets out that his contract calls for the placing of the ground over the ditches in which the sewers are laid in as good condition as before work was begun, and that "in regard to the laying of the sewers through the properties of J. C. Davison and M. Ewen in 'Block 18'—I will remove all spauls (spalls) from premises, level all ditches, and repair all damage caused to fences

or property, 'including the replacing of any fruit trees that may be damaged by the work or workmen, to the satisfaction of yourself and the sewer commissioner." Below this was a note addressed to Messrs. J. D. Davison and M. Ewen, signed by the mayor, in which he writes: "I think this statement should be satisfactory to you both and should remove any prejudice against the sewer work being done." On the other side of this paper·was written after the date: "This agreement is satisfactory to me," and this is signed by Messrs. J. D. Davison and M. Ewen.

It was in evidence that there was a controversy between the city authorities and the owners of lots in this block about the construction of this sewer through their premises and at a conference between the parties, at which plaintiff Mathias Ewen was present, the above agreement was signed.

The objection on the part of learned counsel for plaintiffs in error to the reception of this in evidence and to its ·probative value, is that the plaintiff, Mrs. Kate Ewen, had not signed it. It is stated in the abstract that plaintiffs, husband and wife, "through deeds vesting title by entirety in both plaintiffs" to the lots had instituted this suit and it is alleged, in the statement and argument of counsel for plaintiffs,· that this had been proved. We are compelled to say, on a very careful reading of the testimony as abstracted by that learned counsel, that there is nothing whatever in the testimony to sustain this contention. The nearest approach to it occurs in the testimony of the plaintiff, Mr. Ewen, who, under direct examination, stated he was 61 years old; lived in Webster Groves; had lived there over four years, and he then says: "We own four lots in Tuxedo boulevard, and two lots on Clara avenue—lots 29, 30 and 31, situate in block number 18." That is no proof of title in himself and wife and is the only testimony in the whole record

where the word "we" occurs, with reference to the ownership of the lots. It is not even alleged in the petition, or in evidence, that plaintiffs were husband and wife, so that who "we" refers to is a matter of mere guess and conjecture. Moreover in the examination of witnesses, these lots were continually referred to as the "lots of Mr. Ewen." Mrs. Ewen was a witness but was not asked if she was the wife of plaintiff Ewen; did not testify to that effect and made no statement whatever in regard to ownership; did not refer in any way to the property as property in which she was interested. All that her testimony amounts to is that she had never signed this paper or consented to the construction of this sewer. Counsel for plaintiffs himself, in rebuttal and in examination of a witness, Davison, asked him to tell the court and jury if he was acquainted with the lay of the land there "of Mr. Ewen's property." Further examining this same witness, that counsel asked him to look at the paper which was before him and to tell the court whether or not he had ever discussed with a Mr. Jarvis "the lots of Mr. Ewen individually." The witness asked if he meant of Mr. Ewen, and counsel said, "Well, the general property." Counsel then asked that witness: "What is the valuation of Mr. Ewen's property?" This same line of inquiry on the part of counsel himself appears all through the testimony, so that there is absolutely no evidence whatever in the case that plaintiff Kate Ewen had any interest whatever in this property. Whether this paper which was offered and read in evidence had been signed by Mrs. Ewen, or whether she had consented to the construction of the sewer through the property, is entirely immaterial, as far as the evidence of any title in her is concerned.

Over and above this, however, that evidence of consent or permit, signed by Mr. Ewen alone is good and admissible as against both plaintiffs. Assuming, as stated by the learned counsel for plaintiffs, that the

title to these lots was in the plaintiffs, husband and wife, as an estate in entirety, it does not follow that this license or permit, which the husband undoubtedly gave to the contractor here (McMahon) to enter upon the land and construct the sewer, is void as against the husband or wife, because not signed by the wife. Nor is it true that it was necessary for the wife to join her husband in that license. "At common law the right to the possession and control of the joint estate during the lives of the husband and wife is in the husband, the same as when the wife is sole seized; and this right of the husband is not affected by statutes enabling married women to hold and dispose of their property as if sole, unless expressly so stated; but he cannot defeat the right of the wife in the estate on surviving him." [3 Kerr on Real Property (Ed. 1895), sec. 1976.]

In a very careful and thorough consideration of this question, our Supreme Court, speaking through Judge Sherwood, in Hall v. Stephens, 65 Mo. 670, commencing at page 676, after stating that, "Husband and wife, at common law, to whom a grant or devise was made took *per tout et non per my,* and the survivor took the whole," has said: "Our statute has wrought no change in this particular, as has been expressly and repeatedly adjudged. Gibson v. Zimmerman, 12 Mo. 385; Garner v. Jones, 52 Mo. 68; Shroyer v. Nickell, 55 Mo. 264." This is reiterated by our Supreme Court in Frost v. Frost, 200 Mo. 474, 98 S. W. 527, where Judge Valliant, delivering the opinion of the court, referring to Hall v. Stephens, supra, and First National Bank of Plattsburg v. Fry, 168 Mo. 492, 68 S. W. 348, holds that the common law doctrine of estates in entirety is the law in this State. In Frost v. Frost, supra, it is said (l. c. 481): "Modern legislation has done much to destroy the unity of husband and wife, yet in spite of such legislation it has been held in this State and elsewhere that estates in entirety remain as at common law." So that the husband undoubt-

edly had a right to grant this license or permission to make this entry and it is certainly good as against both husband and wife during their joint lives; if the wife should die before her husband, it is absolute as against the husband.

The defendant McMahon, entering upon the premises and constructing the sewer under the sanction of the husband, if he did so, cannot be held to be a trespasser and that applies to the other defendants, even assuming that there was evidence that they entered upon the lots.

The third, fourth and fifth assignments are to the introduction in evidence of certain records of the city of Webtser Groves, relating to the construction of this sewer and condemnation of the land through which it was passed. We see no error in the action of the court in admitting these records in evidence.

The sixth point made is that the court erred in refusing three instructions asked by plaintiffs. The first, in substance, undertook to tell the jury that if it believed that defendants jointly or severally entered upon the premises of plaintiffs in the month of March, 1908, and excavated and laid a sewer diagonally through the lots in question without rendering plaintiffs adequate compensation therefor, and that if the jury further believed from the evidence that the sewers are now constructed and running through the lots, the jury should take into account the way in which the sewer runs and the fact that it creates an easement of the city of Webster Groves in the lots, and that in arriving at its verdict the jury will take into account the fact that the lots are damaged for building purposes and give due consideration to the fact as to whether or not the lots can be used for building purposes, and if the jury found that the total building value is taken away by the sewer and easement running through them, the jury will fix the damages at such value as it may believe is reasonable compensa-

tion for the injuries. This instruction purports to cover the whole case and is defective for many reasons, mainly in that it entirely leaves out of view the issues presented by the pleadings and evidence, that the entry upon the land and construction of the sewer was under either a valid ordinance of condemnation or by permission of the plaintiff.

The court was asked by the second instruction to direct the jury, ''that this is an action against three defendants, charging a joint trespass on the real estate of the plaintiffs, and that the defendants' answer is that the defendant, the city of Webster Groves, duly condemned the right-of-way for the sewer described in plaintiffs' petition, and defendants answer that as a defense the property was duly condemned, if it appears that a trespass has been committed, that all who encouraged, advised, or assisted in the trespass at the time the act was committed are guilty, whether they were present or not.''

As the court had already instructed that there was no evidence against the city and Mr. Hart, the Mayor, this instruction could not be given; moreover, it omits the defense of permission.

The third instruction asked by plaintiffs was to the effect that the burden of proving condemnation was on plaintiff. We see no reversible error in the refusal of this instruction. As touching all the instructions asked by plaintiff and refused, we see no error to the prejudice of appellant. The case was fairly submitted to the jury.

The seventh point is that the court committed error in giving instructions numbered 2 and 4 at the instance of defendants. We find no error in these instructions. They were correct statements of the law, warranted by the facts in the case.

The final point made is that the instruction given by the court of its own motion is erroneous. That instruction told the jury that if it believed from the

evidence that before and at the time of the construction of the sewer across the premises, plaintiffs were in actual, peaceable possession of the lots described, and that without the consent of plaintiffs or either of them, defendants entered upon their premises and excavated a trench or trenches and laid a sewer pipe diagonally through the lots, they should find for plaintiffs and against the defendant John J. McMahon, and that in arriving at the damages, if any, sustained by plaintiffs they would take into account the diminution of value, if any, by reason of the laying and construction of such sewer.

If anybody can complain of this instruction it is McMahon, the defendant in error. As Mr. McMahon was the only defendant left in the case, it was proper, in directing a finding for plaintiffs, to direct it to be made against McMahon alone. Surely this instruction, given by the court at its own motion, was very favorable to plaintiffs, more so than they were entitled to have. Certainly they are in no condition to complain of it.

The verdict in the case is supported by substantial evidence. Even if all the testimony as to the condemnation of the right of way is excluded, the evidence as to entry having been made and the work having been done under the permission of Mr. Ewen is certainly strong and substantial, if not conclusive, and sufficient, if believed by the jury, to support the verdict.

We find no reversible error to the prejudice of plaintiffs and the judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.