ROSA A. KNOCHE, Respondent, v. EDWARD P. PRATT, Appellant.

Kansas City Court of Appeals, June 12, 1916.

1. **DAMAGES:** Trespass: Master and Servant: Excavation: Evidence. An excavation for a foundation and basement was made on defendant's lot to the property line between plaintiff and defendant. This excavation was of the length of plaintiff's building, which was four feet from the division line, and in depth went several feet below the foundation of plaintiff's west wall. As thus made, the excavation remained for two weeks with no injurious results to plaintiff's building. Then, to obtain room to cement the outside of defendant's foundation an excavation was made on plaintiff's lot to within two feet of her wall and it fell. *Held*: That the evidence was sufficient to show: 1. That the excavation upon plaintiff's land caused the fall, and the cause of the fall was a jury question. 2. That the excava-

tion on plaintiff's land was made by defendant, through his agents and servants, and was without plaintiff's consent and was, therefore, a trespass. 3. That defendant was liable for the damages caused by the fall of plaintiff's wall into the excavation.

2. ————: ————: Adjoining landowner: Lateral Support: Notice of Excavation: Effect. A notice to an adjoining landowner of an intention to excavate to the property line, sufficient to enable the adjoining owner to protect his building is a defense to an action for damages if the excavation extends no farther than the excavator's line; but it is no defense where defendant trespassed upon the adjoining land by excavating thereon without authority.

3. ————: ————: Principal and Agent: Powers of Agent: Notice of Limitation. Where defendant saw a landowner's brother and asked permission to excavate into the owner's land, and the brother replied that he would have to see the owner, but later said he had not seen the owner, but guessed it would be all right, defendant had notice that the brother had no power as agent to give the permission.

4. ————: ————: ————: License to Excavate: Validity: Fraud. Consent of agent to make excavation on principal's land, obtained and induced by the false statement that the principal had already consented, is of no effect even if the agent had power to give such privilege.

5. ————: Injuries to Property: Measure. In a landowner's action for causing his wall to fall the measure of damages is the reasonable cost of restoring plaintiff's building to substantially the same condition it was in before the wall fell. And it cannot be complained that the new wall was better than the old where the only difference was in the use of cement instead of lime mortar.

6. ————: ————: ————: Evidence. In a landowner's action for damages for causing his wall to fall, evidence that he was going to change the building to a business house, and that it had not paid as an apartment house, was properly excluded as immaterial.

7. TRIAL: Remarks of Court: Effect. Remarks of court on overruling final demurrer to the evidence as to what it should have done as to an earlier demurrer are of no effect, only what was actually done being material.

8. ————: Demurrer to Evidence in Chief and at Conclusion of Whole Case. Although plaintiff's evidence might have been insufficient on the first demurrer, which was overruled, where defendant then introduced his evidence, plaintiff, on a second demurrer, was entitled to every reasonable inference of fact from the whole record.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*Charles L. Dort* and *Edward C. Wright* for appellant.

*Harding, Murphy & Harris* for respondent.

TRIMBLE, J.—The second count of the third amended petition, being the count upon which the case was submitted, charged defendant with a trespass upon plaintiff's real estate in that defendant, while excavating upon his own lot for the foundation of a building, entered upon plaintiff's property and wrongfully excavated and removed large quantities of dirt therefrom, thereby weakening the lateral support of plaintiff's building so that the west wall thereof fell, and plaintiff was damaged to the extent of the amount for which judgment was prayed.

The answer was a general denial, together with the charge that if the defendant or any one for him entered upon plaintiff's property and excavated as alleged in plaintiff's petition, it was with plaintiff's consent.

The answer also set up, as further and separate defense, that the defendant duly notified plaintiff that excavating would be done, *along the dividing line* between the two properties, and plaintiff had knowledge of such excavating sufficiently long before the wall fell to enable her to protect her building but negligently failed to do so. As this would constitute no defense whatever to the trespass charged, we take it that it was intended as a defense to the *first* count of plaintiff's petition which defendant construed as charging a negligent excavating upon defendant's own property along said dividing line. But at the close of plaintiff's case, she dismissed the first count and stood solely upon the second count charging trespass.

The answer also charged that the wall fell by reason of its own faulty construction "and not through any

negligent act or omission of this defendant or any one acting for him.''

At the close of plaintiff's case defendant offered a demurrer to the evidence, which was overruled. Then after defendant's evidence was in and both sides had rested, the defendant again offered a demurrer. This was also overruled. The case was thereupon submitted to the jury which returned a verdict for plaintiff in the sum of $950. Judgment was rendered thereon and defendant has appealed.

Plaintiff owned a lot on which stood a two-story brick building used as a flat. Defendant owned a vacant lot west of and adjoining plaintiff's lot. The west wall of plaintiff's building was located four feet from the west line of her lot, so that between defendant's east line and plaintiff's wall was a strip of ground belonging to plaintiff which was four feet in width.

Desiring to erect a building upon his property, defendant made an excavation on his lot for a foundation and basement. This excavation was about eleven feet deep and extended from the north or sidewalk line of the lot south to a point about even with the south or rear end of plaintiff's building; and the east line of said excavation coincided with the division line between the two lots. As thus made, the excavation was wholly on defendant's property, and was four feet from the west wall of plaintiff's building, but in depth it went several feet below the footings of the plaintiff's foundation; and the west side of plaintiff's lot was a perpendicular wall of dirt. Defendant was going to erect his east foundation wall alongside of and against this division line. He desired to cement the outside of this foundation wall to keep out the moisture and, in order to have room to do so, it was necessary for him to excavate about two feet beyond his line and over on plaintiff's down to the depth of his foundation. He, therefore, entered upon plaintiff's land and excavated about two feet on her lot down to the depth of his excavation. This excavation on plaintiff's lot, some of the witnesses say, went down almost if not quite perpendicular, while others say it slanted toward the property line as it went

down.  The effect of this excavation on plaintiff's lot was to remove two of the four feet of earth between her building and the property line.  As a result of this the rest of the dirt caved away from plaintiff's foundation and the west wall of her building fell.  Plaintiff's evidence was that the trespass upon and excavation of her property was without her knowledge or consent.

The ground, or at least one of the grounds, upon which defendant rests his demurrer is that the record fails to show any connection of the defendant with the trespass.  This claim is untenable.  It is conceded, that the defendant owned the lot west of plaintiff's lot, and that the excavation first made was on defendant's lot. There is ample evidence in the record tending to show, not only that the excavation upon defendant's lot but also the excavation on plaintiff's lot, was done by defendant through his agents and servants.  The same individuals who made the one excavation also made the other.  The excavation on plaintiff's property which, if done without her consent, constituted a trespass, was done in order to properly protect defendant's foundation from moisture and was, therefore, for defendant's benefit.  The evidence shows that the defendant paid for the work by giving a check on his firm's account.  It also appears in evidence that the man who sought to obtain plaintiff's permission to excavate on her lot was acting *for the defendant*.  These facts were clearly sufficient to raise the presumption that the excavation was made by the servants of the defendant.  [Perry v. Ford, 17 Mo. App. 212, l. c. 220; 26 Cyc. 1573.]  There was neither pleading nor proof that the excavating was done by an independent contractor, and even if the duty of the defendant owner, in making the excavation in question, be one that can be delegated to an independent contractor (which we do not decide nor pass upon), yet, if defendant claims he is not liable because the work was being done by an independent contractor and he, defendant, did not know that he, the contractor, would commit a trespass and excavate upon plaintiff's land, still the burden was on defendant to show that the work was

done by an independent contractor. [26 Cyc. 1573; Slayton v. West End St. Ry., 174 Mass. 55, l. c. 63.] It was a matter peculiarly within defendant's knowledge, and since there is enough in the record to make a prima-facie case for plaintiff, the burden of going forward with the evidence to show the relation between defendant and those doing the excavating was upon defendant. [Schneider v. Maney, 242 Mo. 36, l. c. 43.] This he not only failed to do but after being given an opportunity by the court to introduce the evidence showing that relation, he declined to do so. If any real doubt existed as to that relation, proof that it was that of owner and independent contractor was peculiarly within the power of defendant. [Davenport v. King Electric Co., 242 Mo. 111, l. c. 121.]

Defendant attaches much importance to the remarks of the court made at the time the final demurrer was overruled as to what the court should have done when the first demurrer was offered. The case is not affected by those remarks but only by what the court did. [Griffith v. Griffith, 180 S. W. 411.] Even if it be true that plaintiff failed to make a case by the evidence in chief, yet defendant went on and put in his evidence, and, in a consideration of the final demurrer, the plaintiff is entitled to the benefit of every reasonable inference of fact arising out of the whole record. [Stauffer v. Metropolitan St. Ry. Co., 243 Mo. 305.]

In addition to the facts shown by the evidence in the case, the plaintiff introduced in evidence and read to the jury defendant's answer stating that he notified plaintiff of the excavation he was about to make. This was introduced as an admission upon defendant's part that *he was having the excavation done,* at least that part thereof which was on his own land, and as the excavation which was on the plaintiff's land was for the purpose of enabling defendant to properly protect his foundation, the jury could lawfully infer that the excavation upon the plaintiff's land was also done by defendant, his servants and agents. [Walters v. Hamilton, 75 Mo. App. 237, 243.] There was no error in allowing

194 M. A.—20

the answer to be read. It was admissible for whatever it was worth as an admission.

Defendant says the trial court, in admitting the answer erroneously shifted the burden of proof. This view is upon the theory that no case whatever was made for the plaintiff unless the answer be regarded as supplying the lacking, but necessary, connection of defendant with the excavation; and, as there is no inconsistency in joining with the denial of a trespass an averment of facts which if true, controverts the trespass (Ewen v. Hart, 183 Mo. App. 107, 111), defendant says it was error to thus depend upon the answer to save plaintiff's case. We have seen, however, that a case was made for plaintiff without relying upon defendant's answer. Besides, the answer was not introduced for the purpose of showing an *admission of the trespass*. It was introduced to show that the *excavation was defendant's act*. If the excavation upon defendant's lot was his act then the excavation on plaintiff's ground, being necessary to accomplish the purpose for which the first excavation was done and in furtherance of that purpose, could reasonably be inferred to be the defendant's act also. Whether such last excavation was a trespass or not would depend upon whether or not plaintiff consented to it. So that the principle relied upon in Ewen v. Hart, supra, has no application here. In addition to all this, the first count of the petition, against which the portion of the answer now under consideration was aimed, although appearing to be based upon a negligent excavation upon defendant's own land, did, in fact, also charge an excavation upon plaintiff's land. Now, while notice to plaintiff would be a defense, if the excavation were solely on defendant's own land (Carpenter v. Reliance Realty Co., 103 Mo. App. 480), yet such notice constitutes no defense whatever for a negligent excavation upon plaintiff's land or a wrongful one thereon. The allegation of notice in the answer did not therefore, partake of the nature of a plea in confession and avoidance. So that, under any view that may be taken of the matter, the trial court did not err nor change the burden of proof by admitting the answer.

Another ground claimed as a reason why the demurrer should have been sustained, and as an objection to plaintiff's instruction is that the evidence fails to show that the excavation on plaintiff's land was without authority. Stated in an affirmative form, defendant's claim is that the evidence shows plaintiff's permission was obtained. This is not sustained by the record. Plaintiff testified that she did not know of any excavation until told of the fall of her wall, and that she gave no permission to anyone. This is undisputed. But it is claimed permission was granted by her agent who collected the rents and looked after the building and by plaintiff's brother. The evidence, however, that the agent, when he saw the excavation being made on plaintiff's lot, ordered the excavation to cease, and was informed that permission had been obtained from the owner. The evidence is that when the one in charge of the excavation asked plaintiff's brother for permission to excavate on her land, he replied he would see his sister and let them know her answer. He was unable to see her, she being away or sick, and perhaps both; and when the brother was again asked concerning the matter, he told them *he had not seen* his sister, but he *"guessed"* it would be alright. There was no proof that either the rental agent or the brother had any authority whatever to grant permission to excavate on plaintiff's land, nor could their authority to grant such permission be inferred from their relation to plaintiff. Indeed the very fact that the brother was to see the plaintiff about the matter was notice to those doing the excavation that he did not himself have such authority.

We do not find any point made in the brief that the court erred in excluding defendant's offer to show that the rental agent gave permission to excavate; but if such point was intended to be made, we answer same now by saying that there was no showing that the agent had authority to grant permission. Besides, if he granted permission under the belief that the owner had consented which belief was induced by the statement made to him that permission had been obtained, such consent

from the agent would amount to nothing even if he had authority to grant consent.

It is further contended that plaintiff's evidence failed to show that the excavation on plaintiff's land, and the consequent caving away of the dirt from her foundation, caused her wall to fall. The point is without merit. The cause of the wall's falling was for the jury and the evidence was ample to justify them in finding that the excavation did it. The excavation that caused the wall to fall was not the lawful excavation upon defendant's own property, but the wrongful excavation made upon plaintiff's lot. The building stood safe and unaffected for two weeks after the excavation made on defendant's lot, but when the excavation was made on plaintiff's lot the wall fell. If such excavation was wrongful, because without plaintiff's permission, then defendant is liable for the results that followed directly from such wrongful invasion of plaintiff's rights.

It was conceded at the trial that the measure of plaintiff's damages was the reasonable cost of restoring plaintiff's building to substantially the same condition it was in before the wall fell. Plaintiff's evidence tended to show that it would cost $1034.70 to do this. The point that this estimate contemplated a much better wall than the one that fell cannot be sustained. The evidence is that the wall contemplated in the estimate was the same, the only difference being that, now, the mortar used is cement instead of lime, while it was lime that was used when the original wall was built. The jury's verdict of $950 was well within the evidence as to the expense of restoring the building to its former state.

Evidence offered by the defendant, but excluded, as to what sort of building plaintiff was going to erect and the change from an apartment house to a business house, and that the house as an apartment house did not pay, was wholly immaterial, and the court committed no error in excluding it.

The judgment of the trial court should be, and is, affirmed. The other judges concur.