### 20723. HOME ACCIDENT INSURANCE COMPANY et al. v. DANIELS.

JENKINS, P. J. 1. Findings of fact made by the industrial commission within its powers are, in the absence of fraud, conclusive. *Maryland Casualty Company* v. *England,* 160 *Ga.* 810 (129 S. E. 75). ·

2. Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Zurich*

*General Accident & Liability Ins. Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173).

3. In the instant claim for compensation under the workmen's compensation act, where it appeared that the claimant was engaged in cutting and hauling logs to a sawmill under a contract by which he was paid so much per thousand feet, and paid his own help, and where the claimant testified that the employer deducted a certain percentage of his compensation for insurance; that the employer "would show me what to cut, and pick out the pines and show me;" that the employer sent him orders "how to cut logs;" and would "show us in the woods where to go;" and where the evidence indicated that under the contract the employer furnished a portion of the equipment used in the logging operation, and the claimant the remaining portion, the evidence authorized the industrial commission to find that the contract gave, or the employer assumed, the right to control the time and manner of executing the work, and that the relationship of employer and servant existed between them.

4. The testimony of the claimant that on an average, after paying off his men, he would get for himself about $60 to $75 every two weeks, and that he did not fall under that until after he was "crippled up," was qualified by his further testimony that he did not net more than $18 per week, the conflict in his testimony apparently relating to other expenses, such as feeding mules, etc., which he testified he had to bear. Accordingly, while the evidence justifies the finding in favor of the claimant and affords a basis for an award, there appears to be no justification for an award based upon earnings of more than $18 a week. Therefore the judgment of the superior court affirming the award of the industrial commission is affirmed, with direction that the case be remanded to the industrial commission for the entering of a new award in conformity with the decision here rendered.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1931.

*Brock, Sparks & Russell,* for plaintiffs in error.
*Lamar Murdaugh, J. K. Whaley,* contra.