22005. MITCHEM *v.* SHEARMAN CONCRETE PIPE COMPANY.

STEPHENS, J. 1. Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method, and means of the performance of the contract, and that

the employee is not an independent contractor. Where a person is employed to travel over a general territory designated by the employer, at a fixed salary per month, with traveling and hotel expenses paid by the employer, to solicit orders from prospective purchasers selected and ascertained by him, for the sale of concrete pipe to be used in construction work, at prices and on terms fixed by the employer, and makes periodic reports to his employer of the business done, although he may select and furnish his own means of travel and select his own customers, and is "turned loose to get business" and "get results," and where it does not appear that the employer has relinquished his right to supervise and control the manner and method and means of its performance, the employee is not an independent contractor, but the relationship between the employer and the employee is that of master and servant. *Quinan* v. *Standard Fuel Supply Co.,* 25 *Ga. App.* 47 (102 S. E. 543) ; *Reaves* v. *Columbus Electric Co.,* 32 *Ga. App.* 140 (122 S. E. 824) ; *Mass. Cotton Mills* v. *Byrd,* 38 *Ga. App.* 241, 243, 244 (143 S. E. 610) ; Chicago &c. Ry. *v.* Bennett, 36 Okla. 358 (128 Pac. 705) ; Borah *v.* Zoellner Motor-Car Co. (Mo. App.) 257 S. W. 145; Dillon *v.* Prudential Ins. Co., 75 Cal. App. 266 (242 Pac. 736, 54 A. L. R. 628) ; Aisenberg *v.* Adams Co., 95 Conn. 419 (111 Atl. 591 (4), 592) ; Ind. Comm. *v.* Hammond, 77 Colo. 414 (236 Pac. 1006 (8, 9), 1008) ; Postal Telegraph Co. *v.* Murrell, 180 Ky. 52 (201 S. W. 462) ; Reuben Dishman *v.* Whitney, 121 Wash. 157 (209 Pac. 12, 29 A. L. R. 460) ; Norwegian Danish M. E. Church *v.* Home Telephone Co., 66 Wash. 511 (119 Pac. 834) ; 39 C. J., § 1582; Slayton *v.* West End St. R. Co., 174 Mass. 55 (54 N. E. 351) ; Knoche *v.* Pratt, 194 Mo. App. 300 (187 S. W. 578) ; 39 C. J., § 1595; Burgess *v.* Garvin, 219 Mo. App. 162 (272 S. W. 108) ; 39 C. J., § 1518, note 6 (a) ; Tiffin *v.* McCormack, 34 Ohio St. 638, 32 Am. R. 408; Press Pub. Co. *v.* Ind. Acc. Comm., 190 Cal. 114 (210 Pac. 820 (4), 823).

2. Where, for the purpose of discharging the duties of his employment in selling the product which he was employed to sell, the employee proceeded in an automobile from Atlanta to Monroe, calling at that place for the purpose of selling concrete pipes for his employer, and where he proceeded from there to Covington and there solicited orders from a customer, and where, after leaving Covington and while on the road to Atlanta, he ran the automobile into a pedestrian on the road and killed him, the inference is authorized that, at the time of the homicide, the employee was operating the automobile as a servant of the employer, and was at the time engaged in the business of the master for which he was employed. Where the homicide resulted as a proximate result of the negligence of the driver in the operation of the automobile, the master is liable in damages therefor. *Fielder* v. *Davison,* 139 *Ga.* 509 (6), 512 (77 S. E. 618) ; *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (85 S. E. 930) ; *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786) ; *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (2) (128 S. E. 918) ; *Yellow Cab Co.* v. *General Lumber Co.,* 35 *Ga. App.* 620 (134 S. E. 190) ; *Perry* v. *Lott,* 38 *Ga. App.* 729 (145 S. E. 479) ; 42 C. J. 1128; *Mass. Cotton Mills* v. *Byrd,* 38 *Ga. App.* 241 (143 S. E. 610) ; 2 Blashfield's Cyc. Auto Law, 1445-6.

3. On the trial of a suit by the wife of the person who was killed, against

the employer, to recover damages for the homicide of the husband, where the evidence was as above indicated, a verdict for the plaintiff would have been authorized, and it was error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 28, 1932.

*King & Hay, Talley Kirkland,* for plaintiff.
*Reuben M. Tuck, Augustine Sams,* for defendant.