DECIDED JUNE 18, 1934.

*E. R. Smith,* for plaintiff in error. *I. H. Corbitt,* contra.

23698. LIBERTY LUMBER COMPANY *v.* SILAS.

JENKINS, P. J. 1. Findings of fact made by the Department of Industrial Relations within its powers are, in the absence of fraud, conclusive, provided there is any supporting evidence. With respect to the sufficiency of the evidence to sustain an award by that department, the award stands in this court upon the same footing as the verdict of a jury approved by a trial judge in other cases. *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 75); *Home Accident Insurance Co.* v. *Daniels*, 42 *Ga. App.* 648 (157 S. E. 245); *London Guarantee &c. Co.* v. *Shockley*, 31 *Ga. App.* 762 (122 S. E. 99).

2. In claims for compensation under the workmen's compensation act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an inde-

pendent contractor toward the alleged employer, the line of demarkation is often so close that each case must be determined upon its own particular facts. The chief test to be applied, however, in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Home Accident Ins. Co.* v. *Daniels*, supra; *Cooper* v. *Dixie Construction Co.*, 45 *Ga. App.* 420 (2) (165 S. E. 152) ; *Poss Lumber Co.* v. *Haynie*, 37 *Ga. App* 60 (2) (139 S. E. 127). Under this principle, it can not be held that the finding of the Department of Industrial Relations in this case, that the person for whom the deceased employee was working occupied the relation of employee rather than that of independent contractor toward the employer company, was without any supporting evidence. Although there was undisputed testimony that such person had orally contracted with the company to cut and haul logs to its mill at $3 per thousand feet for pine logs and $5 for cypress logs, and to maintain and keep in repair the equipment used in such operations, and that he hired, discharged, directed, and paid the employees working under him, there was further testimony that the company furnished to such person its own locomotive, tram, oxen, mules, and the rest of the equipment for such logging, that the oral agreement provided merely for compensation at the prices stated, fixed no time for its termination, and did not expressly specify anything as to the manner or method of its execution, but that the company actually assumed and exercised control, not merely over the results to be obtained, but over the manner and method of performance by furnishing to the alleged independent contractor the lumber orders which it received at its mill or information therefrom with specifications so that he would know what trees to cut, and instructions as to the places to go and what timber could be cut under the company's lease, and also by directing him as to whether cypress or pine logs should be sent in as the necessity arose, and on several occasions as to what particular logs should be cut to fill certain orders. These facts render the case more nearly analogous to those of *Love Lumber Co.* v. *Thigpen*, 42 *Ga. App.* 83 (155 S. E. 77), *Ocean Accident &c. Corporation* v. *Hodges*, 34 *Ga. App.* 587, 588 (130 S. E. 214), *Home Accident Ins. Co.* v. *Daniels*, supra, *Employers Liability Assurance Corporation* v. *Treadwell*, 37 *Ga. App.* 759 (2) (142 S. E. 182), and *Davis* v. *Starrett*, 39 *Ga. App.* 422, 428 (147 S. E. 530), than to the cases of *Maryland Casualty Co.* v. *Radney*, 37 *Ga. App.* 286 (139 S. E. 832), *Zurich General Accident Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173), and *Irving* v. *Home Accident Ins. Co.*, 36 *Ga. App.* 551 (137 S. E. 105), in which latter cases the company neither expressly had, under the contract, nor assumed any right to control the time and manner of the work, or did not furnish its own equipment, or other facts existed to distinguish the status of the parties from that in the instant case.

3. The superior court therefore did not err in affirming the award of the Department of Industrial Relations in favor of the claimant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*Paul E. Seabrook,* for plaintiff in error. *Ulmer & Dowell,* contra.