26308. CONTINENTAL CASUALTY COMPANY *et al. v.* PAYNE.

STEPHENS, P. J. 1. "Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method, and means of the performance of the contract, and that the employee is not an independent contractor." *Mitchem* v. *Shearman Concrete Pipe Co.,* 45 *Ga. App.* 809 (165 S. E. 889). Where the owner of a mine employed another person to mine talc for a stipulated sum of money per ton, and to haul the talc and place it upon railroad-cars, and there was no certain piece of work to be done according to specifications, and there was no stipulated sum to be paid for the performance or completion of any definite or specific work, but the employee was to mine the talc only when the employer required it, and in amounts required by the employer, although the employee furnished and used his own teams for hauling the talc, and hired at his own expense, with the knowledge and consent of the employer, laborers to help him mine the talc, and paid them out of money advanced for that purpose by the employer; and where the employer stopped the employee from working, because there was no insurance, and promised the employee to pay for insurance as provided under the compensation act to cover the laborers employed by the employee, and did procure insurance; and where afterwards one of the laborers of the employee became injured while in the performance of the work, and the employer paid such laborer sums as compensation for the injury, the inference is authorized that at the time of the injury the relation between the employer and the employee was that of master and servant, and not that of employer and independent contractor, and that the injured laborer employed by the employee was a servant of the employer.

2. The evidence adduced on the hearing, before the Department of Industrial Relations, of a claim for compensation brought by one of the laborers, authorized the inference that the relationship between the employer and the employee who was employed to mine the talc was that of master and servant, and not that of independent contractor, and that the claimant, who was a laborer employed by the employee, was the servant of the employer and as such was entitled to compensation against the employer and the insurance carrier for the injury, which, as authorized by the evidence, arose out of and in the course of the claimant's employment. The judge did not err in affirming the award of compensation by the Department of Industrial Relations.

> *Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED NOVEMBER 27, 1937. ADHERED TO ON REHEARING, DECEMBER 17, 1937.

874

*T. Elton Drake, Hooper & Hooper,* for plaintiffs in error.
*Howell Brooke,* contra.