29122. DISHAROOM v. CONTINENTAL CASUALTY CO. *et al.*

DECIDED SEPTEMBER 27, 1941. REHEARING DENIED NOVEMBER 19, 1941.

*Fraser & Irwin*, for plaintiff.

*Neel & Ault, T. Elton Drake*, for defendants.

FELTON, J. This is a compensation case, and the sole question involved is whether the deceased, Monk D. Disharoom, was an independent contractor or an employee of the Paga Mining Company. The single director found that the deceased was an independent contractor, and this finding was affirmed by the judge of the superior court on appeal. The exception here is to the judgment affirming the award denying compensation.

The evidence touching the relationship of the deceased and the Paga Mining Company is without dispute, and is as follows: Andrew Weinman, the general manager of the mining company, tes-

tified: "I made the arrangement with him. I met Disharoom on the street. He asked me if he could go to Paga and mine ore, and I told him he could go to Paga No. 2 and that I would buy this ore delivered at the Thompson-Weinman mill for $4 less fifty cents royalty. Paga No. 2 consists of about five different leases and covers about 1200 acres of land. I did not point out any place for him to go. He could go anywhere on the 1200 acres, anywhere he wanted to mine there. He mined anytime he got ready. He quit when he got ready. He could mine in any way he wanted to. The ore had to be trucked to the mill and he was to deliver it."

It appeared from the evidence that the name of the deceased did not appear on the pay roll of the mining company, and that only two payments had been made to him for the ore he brought to the company. It appeared that there had been advances made to him by the bookkeeper of the company, but the bookkeeper testified that these were from his own pocket. It further appeared that the hauling was paid for out of the money which the deceased would have realized for the ore mined by him. There was a good deal of other evidence touching the methods of mining the various kinds of ore, and the methods of handling these ores. We do not think this evidence affected this case and we do not set it out here. We think the evidence above set out governs the relationship of the parties, and our decision rests thereon.

It is earnestly insisted by the plaintiff in error that *Continental Casualty Co.* v. *Payne, 56 Ga. App.* 873 (194 S. E. 428) is controlling in the case at bar. We are unable to agree with this contention and think that a casual reading of that case will readily differentiate it from the case now under consideration. In our opinion it can not be inferred that the mining company had any right to control the time, manner, method, or means of performing any work that the deceased saw fit to do. In the case relied on by the plaintiff in error there was not only the right to do this, but an actual exercise of that right. In the case under consideration we find that there are none of the elements which go to make up the relationship of master and servant. It was not error to deny compensation to the claimant.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*