36510. OLD REPUBLIC INSURANCE CO. *et al. v.* PRUITT.

DECIDED FEBRUARY 27, 1957.

*Harry E. Monroe,* for plaintiffs in error.
*Currie & McGhee,* contra.

FELTON, C. J. The sole question for determination is whether the full board was authorized to find that the claimant was an employee rather than an independent contractor. The evidence demanded a finding in favor of the claimant. The claimant and Thomson Pipe Line Company, Inc., entered into a contract

whereby the claimant was to perform certain construction work and service. The employer and carrier contend that the evidence demanded a finding that the claimant was an independent contractor and not an employee entitled to compensation. A copy of the contract between the claimant and Thomson Pipe Line Company, Inc., was introduced in evidence without objection and there is no exception to its introduction and consideration. The contract contained the following provision: "Witnesseth, That the said party of the second part has agreed, and by these presents does agree with the said party of the first part, for the consideration heretofore mentioned, and under the penalty expressed in a bond bearing even date with these presents and hereunto attached, to furnish all the materials and labor of every description necessary to carry out and complete in a good, firm and substantial manner the construction of the portion of the lateral sewers and outfalls, group # 2, 1955, as and when directed by the chief of construction of the City of Atlanta and/or the chief of construction of the Thomson Pipe Line Co., Inc., in strict conformity to this contract and specifications hereinafter set forth." The only reasonable construction that can be placed on the contract provision that the claimant would "carry out and complete" the construction "as" and "when" directed by either the construction chief of the City of Atlanta or the construction chief of Thomson Pipe Line Company, Inc., is that the pipe line company through its construction chief could control the time and manner of the claimant's performance of the contract. It matters not that the pipe line company did not actually exercise the contractual right to control the time and manner of the contract performance. It is enough if such right, by contract, was retained. *Davis* v. *Starrett*, 39 *Ga. App.* 422, 427 (2) (147 S. E. 530); *Home Accident Ins. Co.* v. *Daniels*, 42 *Ga. App.* 648 (2) (157 S. E. 245); *Liberty Lumber Co.* v. *Silas*, 49 *Ga. App.* 262 (2) (175 S. E. 265); *Cooper* v. *Dixie Construction Co.*, 45 *Ga. App.* 420 (1, 2) (165 S. E. 152); *St. Paul-Mercury Indem. Co.* v. *Alexander*, 84 *Ga. App.* 207, 210 (65 S. E. 2d 694).

Since under the contract Thomson Pipe Line Company, Inc., retained the right to control the time and manner in which the claimant would perform the contract, the claimant was an em-

ployee and not an independent contractor, and the award of the full board was demanded.

The court did not err in affirming the full board's award.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*