36859. WEISS *v.* KLING.

DECIDED OCTOBER 22, 1957—REHEARING DENIED
OCTOBER 31, 1957.

*Robert W. Spears, Wm. G. Grant,* for plaintiff in error.
*Augustine Sams, Emory Kinard,* contra.

NICHOLS, J. ▮ The defendant, in his motion for a directed verdict, on which motion his motion for a judgment non obstante veredicto was based, contended that the evidence did not authorize a verdict for the plaintiff on the prayers of her petition.

The evidence authorized a finding that a trespass on the plaintiff's property had taken place, that several of the plaintiff's trees had been cut down, and that the plaintiff's property had been damaged by such trespass in at least the amount of the verdict returned by the jury. Therefore, the question presented is whether the defendant is liable in law for this trespass.

The fact that some relationship existed between the defendant and the Southern Tree Service is undisputed. The contention of the plaintiff is that the relationship was one of master and servant while the contention of the defendant is that such relationship was that of an independent contractor. The evidence of the defendant that he specifically pointed out the boundaries of his property to Mr. Rogers, the owner of the Southern Tree Service, and instructed him that all trees to be trimmed or topped must be on his, the defendant's, property is uncontradicted, therefore, unless the relationship of master and servant existed, so as to bring the doctrine of respondeat superior into the case, a judgment for the defendant on the prayers of the plaintiff's petition is demanded.

The defendant's testimony demands a finding that he did not exercise any control over the Southern Tree Service, which did the actual cutting. However, the fact that he did not exercise such control is not controlling if in fact he had the right under his oral contract to exercise authority as to the time, manner and means of the execution of the work. "The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, *has the right* to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. *Zurich General Acc. & Liability Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173); *Irving* v. *Home Accident Ins. Co.,* 36 *Ga. App.* 551 (137 S. E. 105); *Home Accident Ins. Co.* v. *Daniels,* 42 *Ga. App.* 648 (157 S. E. 245); *Bentley* v. *Jones,* 48 *Ga. App.* 587 (173 S. E. 737); *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (175 S. E. 265); *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (164 S. E. 901)." *Banks* v. *Ellijay Lumber Co.,* 59 *Ga. App.* 270, 272 (200 S. E. 480). (Italics ours.)

While there was evidence that the defendant did not direct the time, manner, means and method of the cutting, which evidence was uncontradicted, there was no evidence adduced which expressly stated, in so many words, that the defendant did or did

not have this authority and it becomes necessary to consider the terms of the contract which were testified to in order to determine if an inference was authorized that the defendant did have such authority. The defendant testified that the Southern Tree Service was to do the cutting under the contract, that Mr. Davis (the owner of the Southern Tree Service and the person with whom the defendant dealt), had a helper on the job, that under the contract the work was to be completed in three days, and that he was to pay the Southern Tree Service a flat fee for doing the work which consisted of topping and trimming trees on his property only. "When a person is employed to do specific work and is in the exercise of a distinct and independent employment, and in the execution of this specific work is not under the immediate supervision and control of his employer, and the manner of doing the work and the employment, payment, and control of the labor is left entirely to the employee, the relation of master and servant does not exist, the party employed being an independent contractor. Moll on Independent Contractors and Employers' Liability, §§ 13, 14, 15, and 16." *Lamb* v. *Fulton Bag & Cotton Mills*, 26 *Ga. App.* 572 (1) (106 S. E. 607).

Applying the above law to the uncontradicted evidence it appears that the Southern Tree Service was an independent contractor who controlled the manner of doing the work, as well as the employment, control, and payment of labor. Therefore, a verdict for the defendant on the prayers of the plaintiff's petition was demanded, and the trial court erred in failing to grant the motion of the defendant for a judgment non obstante veredicto as to such prayers.

■ The evidence adduced on the trial in support of the cross-action did not demand a verdict for the defendant and the trial court did not err in denying the motion for new trial on the general grounds.

*Judgment denying the defendant's motion for new trial affirmed. Judgment denying the defendant's motion for a judgment notwithstanding the verdict reversed with direction that the trial court enter judgment for the defendant in accordance with such motion. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment for the resaon that, when one employs another who is engaged in an independent business and actual control by the employer is not shown, and where the contract does not show whether there was a right of control reserved in the employer, there is a prima facie presumption that the employee is an independent contractor. The evidence in this case does not show actual control by the employer nor does the contract show that a right was reserved in the employer to control the employee and his servants. Code §§ 105-501 and 105-502. I think the burden of proof was on the plaintiff in this case to prove the exception stated in division 5 of Code § 105-502, which he failed to do.