36952. AMERICAN AUTOMOBILE INSURANCE COMPANY *et al. v.* TANNER.

DECIDED JANUARY 21, 1958—
REHEARING DENIED FEBRUARY 5, 1958.

*John M. Williams*, for plaintiffs in error.

*Alfred Wall, Wall & Maddox*, contra.

QUILLIAN, Judge. 1. The defendant and its insurance carrier insist that the deceased was an independent contractor and did not come within the provisions of the Workmen's Compensation Act. The test to be applied in determining the status of the

deceased is whether the contract of employment between him and the defendant gave, or the defendant assumed, the right to control the time, manner, and method of executing the installation of the cabinets. *Yearwood* v. *Peabody*, 45 *Ga. App.* 451 (2) (164 S. E. 901); *Davison-Paxon Co.* v. *Ferguson*, 94 *Ga. App.* 501 (95 S. E. 2d 306); *Lokey & Simpson* v. *Hightower*, 57 *Ga. App.* 577 (196 S. E. 210).

In the present case the evidence disclosed that the deceased received order blanks which gave instructions as to the installation, time and place of delivery of the cabinets. While it is true that these order blanks were sent to the deceased in his capacity as shop foreman for Dan Carmichael Manufacturing Company, they also served the dual purpose of informing the deceased as to these instructions. This left little else to be ascertained as to the installing of the cabinets. Jack Calloway, secretary-treasurer of the defendant corporation, in discussing the order blank testified: "if there was a rush job I needed in a hurry I'd put 'rush'." This was clearly an instruction as to the manner in which the installation was to be done. He also testified that, if a customer had wanted changes made in the cabinets, he would have asked the deceased to change the cabinets to comply with the customer's request. It is clear from the evidence that the witness not only exercised control over the activities of the deceased, but that he construed the contract of employment as giving authority to further control the deceased's activities if he had so desired.

It is of no consequence that the witness did not exercise this right to control the time and manner of the contract performance. *Old Republic Ins. Co.* v. *Pruitt*, 95 *Ga. App.* 235 (97 S. E. 2d 521); *Davis* v. *Starrett Bros., Inc.*, 39 *Ga. App.* 422, 427 (147 S. E. 530); *Home Accident Ins. Co.* v. *Daniels*, 42 *Ga. App.* 648 (157 S. E. 245); *St. Paul-Mercury Indem. Co.* v. *Alexander*, 84 *Ga. App.* 207, 210 (65 S. E. 2d 694). While the deceased did not work regular hours, under authority of *Lokey & Simpson* v. *Hightower*, 57 *Ga. App.* 577, supra, this is not necessary for him to be classified as an employee.

The evidence being sufficient to present a question of fact, as to whether the deceased was an employee or independent contractor, this court will not disturb the award of the Workmen's Compensation Board.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*