38074.   ASBURY, by Next Friend *v.* PUBLIC SERVICE MUTUAL INSURANCE COMPANY.

DECIDED FEBRUARY 19, 1960—REHEARING DENIED MARCH 17, 1960.

284

*Claude R. Ross*, for plaintiff in error.

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.*, contra.

NICHOLS, Judge. On the trial of the case it was shown that the truck was driven by Conyers Davis at the time the plaintiff received the injuries complained of in the original action, that such truck was owned by Mrs. A. C. Gainer, who was the "named insured" in the policy of insurance issued by the garnishee and stipulated on the trial, and that the driver of the truck, the plaintiff and one other were engaged to cut, haul and load pulpwood on railroad cars by the owner's husband for her and his benefit. At times he purchased the stumpage for such pulpwood with his funds and at other times it was purchased, at least in part, with her funds. It was further shown that the plaintiff, and the other two who were engaged to cut, haul and load the pulpwood, furnished their own tools to work on power saws owned by Mrs. Gainer's husband, but that the power saws, chains used to secure the pulpwood on the truck and the truck were furnished them by Mr. Gainer, that if Mr. Gainer furnished the gasoline for the truck he paid these men $100 per car for the pulwood and if they paid for the gasoline he paid them $125 per car, that each man was paid by Mr. Gainer individually, that he showed them what trees to cut although he did not go out to the location and see them each day, that neither "social security" nor "income tax" was withheld from the money paid the plaintiff and his co-workers for cutting, hauling and loading pulpwood, and that at the time of the collision they were using the truck in connection with their work.

The policy of liability insurance covered as an "insured," in addition to the named insured Mrs. A. C. Gainer, Mr. Gainer and anyone driving the truck with the permission of either of them. It then excluded as an "insured" any employee with respect to any injury "of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The plaintiff relies on the holding by this court in *Weiss v. Kling*, 96 *Ga. App.* 618 (101 S. E. 2d 178), and cases there cited to support his contention that he, and the driver of the truck in which he was riding, and the third person engaged in cutting pulpwood, were independent contractors and not employees of Mr. Gainer. In that case Southern Tree Service was engaged to do a specific job for a flat fee in a fixed period of time and Southern Tree Service was engaged in an independent employment. " 'When a person is employed to do specific work and is in the exercise of a distinct and independent employment, and in the execution of this specific work is not under the immediate supervision and control of his employer, and the manner of doing the work and the employment, payment, and control of the labor is left entirely to the employee, the relation of master and servant does not exist, the party employed being an independent contractor. Moll on Independent Contractors and Employers' Liability, §§ 13, 14, 15, and 16.' *Lamb* v. *Fulton Bag & Cotton Mills*, 26 *Ga. App.* 572 (1) (106 S. E. 607)." *Weiss* v. *Kling*, 96 *Ga. App.* 618, 620, supra.

Here the persons engaged in the cutting, hauling and loading pulpwood were not engaged in any independent employment, for each was paid by Mr. Gainer on a "piece work" basis, and while Gainer testified that he did not control the "time, manner and method" of doing the work, this was not conclusive that he did not have the "right" to do so, and he did not so testify. " 'Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method, and means of the performance of the contract,

and that the employee is not an independent contractor. [*Mitchem* v. *Sherman Concrete Pipe Co.*, 45 *Ga. App.* 809 (1) (165 S. E. 889)]." *Malcom* v. *Sudderth*, 98 *Ga. App.* 674, 687 (106 S. E. 2d 367).

Under the evidence, both the plaintiff and Davis were employees of Gainer working on a "piece work" basis and whether "income tax" or "social security" was withheld from their wages or not would not be conclusive of the relationship, especially, where as here the *work* performed by the employees had no definite beginning or ending but was a continuous contract of employment. " 'In determining the real character of a contract, courts will always look to its purpose, rather than to the name given it by the parties.' *Hays* v. *Jordan*, 85 *Ga.* 741, 748 (11 S. E. 833, 9 L. R. A. 373)." *Malcom* v. *Sudderth*, 98 *Ga. App.* 674, 685, supra.

The evidence showed without dispute that the contract of insurance did not cover Davis as an "insured" at the time the plaintiff was injured and the trial court did not err in directing the verdict in favor of the insurance company, or in thereafter denying the plaintiff's motion for new trial which assigned error on such judgment.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*