38209. CASH *v.* AMERICAN SURETY COMPANY *et al.*

380

DECIDED MARCH 18, 1960—REHEARING DENIED
MARCH 31, 1960.

*Edward B. Everett, John M. Williams,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* contra.

TOWNSEND, Judge. The burden of proving the employer-employee relationship is on the claimant in a workmen's compensation case. *Young* v. *Demos,* 70 *Ga. App.* 577, 579 (28 S. E. 2d 891). However, in view of the liberal interpretation accorded compensation laws generally, it has been held that "in determining whether a claimant in a workmen's compensation case is an employee and subject to the act, or an independent contractor and not so subject, any doubt is to be resolved in favor of his status as an employee rather than an independent contractor." *Liberty Mut. Ins. Co.* v. *Henry,* 56 *Ga. App.* 868, 870 (194 S. E. 430). This means simply that, while the claimant is at all times cast with the burden of proof, the evidence offered will, so far as it is genuinely susceptible of construction, be given that construction which is in his favor in determining whether he has carried that burden by a preponderance of the evidence.

"Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor." *Mitchem* v. *Shearman Concrete Pipe Co.,* 45 *Ga. App.* 809 (1) (165 S. E. 889); *Continental Cas. Co.* v. *Payne,* 56 *Ga. App.* 873 (1) (194 S. E. 428). As pointed out in *Bentley* v. *Jones,* 48 *Ga. App.* 587, 590 (173 S. E. 737) the controlling issue determining whether the master-servant relationship exists in Georgia is whether the employer has the *right* to assume control of the manner, means and time of the work, although this criterion is "subject to criticism as not being all-comprehensive." Where the question is not discussed at the time the services are engaged, and where it never arises during the performance, it is indeed difficult to determine whether the employer had, or intended to reserve, such right. "It is of no consequence that the witness did not exercise this right to control the time and manner of the contract performance. *Old Republic Ins. Co.* v. *Pruitt,* 95 *Ga. App.* 235

(97 S. E. 2d 521); *Davis v. Starrett Bros., Inc.*, 39 *Ga. App.* 422 427 (147 S. E. 530); *Home Accident Ins. Co.* v. *Daniels*, 42 *Ga. App.* 648 (157 S. E. 245); *St. Paul-Mercury Indem. Co.* v. *Alexander*, 84 *Ga. App.* 207, 210 (65 S. E. 2d 694). While the deceased did not work regular hours, under authority of *Lokey & Simpson* v. *Hightower*, 57 *Ga. App.* 577 [196 S. E. 210], this is not necessary for him to be classified as an employee." *American Automobile Ins. Co.* v. *Tanner*, 97 *Ga. App.* 122 (101 S. E. 2d 875). In the *Tanner* case an award in favor of the claimant was affirmed although the claimant, as foreman of a company which manufactured cabinets on order for the builder, merely had an arrangement with the builder under which he installed the completed cabinets at $15 per house in houses as specified by the builder, and in general his information was obtained from the order blanks sent to the manufacturing company. In that case, as in this one, a man was employed for certain work the extent and duration of which was not known at the time, which was a kind of work that required little or no instruction or control because of the knowledge already in the possession of the person employed, and as to which no definite working hours were fixed. In both cases the right of control was not actually exercised by the employer, but in both cases the employer indicated an understanding that the right had been retained. In this case the employer's testimony must be so construed because, although he told the claimant to weld 18 barrels and gave him no further instructions on that part of the work, he informed him that he would have further instructions as to other work when that was completed. If it be argued, however, that a contract existed between the two at least for the welding of 18 barrels, with the possibility of another contract upon its completion, the argument is effectively destroyed by the employer's own testimony that he could have stopped the claimant from working on the barrels at any time he wanted to and paid him off at that time. The testimony of a party litigant must, where equivocal or contradictory, be construed most strongly against him, and this witness was a party defendant. A contract to build or repair some specific thing, as distinguished from a contract of employment where the employee works at building or repairing that thing, demands a subject matter capable of ascertainment, sufficiently specific so

that on a breach by either an action will lie in favor of the other. The claimant testified that he was working by the hour and not under contract; the employer agreed that he might stop him from working on the barrels and pay him off at any time he wanted to do so. Thus, the contract as understood by both parties must have been a contract of employment for it obviously did not include as a part of its subject matter the completed performance of any particular work. This testimony is sufficient to authorize an inference on the part of the fact-finding tribunal that the contract was one of employment, and the judge of the superior court accordingly erred in setting aside the award.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*