38471.   TRAVELERS INSURANCE COMPANY *et al.* v. MOATES.

DECIDED DECEMBER 1, 1960.

*Bennett, Pedrick & Bennett, John W. Bennett,* for plaintiffs in error.

*Charles H. Hyatt, James M. Newsom, Thomas, Howard & Moran, Hubert H. Howard,* contra.

JORDAN, Judge. The sole question for decision in this case is whether there was sufficient competent evidence to sustain the finding and conclusion of the deputy director that Vernon Guthrie, the person under whom the claimant's decedent was working, occupied the relation of an employee rather than that of an independent contractor toward the alleged employer, H. & J. Williams Lumber Company, and that consequently the claimant's decedent was an employee of the H. & J. Williams Lumber Company.

As pointed out by Judge Jenkins in *Liberty Lumber Co. v. Silas,* 49 Ga. App. 262 (2) (175 S. E. 265): "In claims for compensation under the Workmen's Compensation Act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an independent contractor toward the alleged employer, the line of demarkation is often so close that each case must be determined upon its own particular facts."

However, there are certain basic rules which govern in this determination. One such rule is that any doubt is to be resolved in favor of the existence of the employer-employee relationship rather than the employer-independent contractor relationship.

*Liberty Mutual Ins. Co. v. Henry,* 56 Ga. App. 868 (194 S. E. 430). As stated in *Cash v. American Surety Co.,* 101 Ga. App. 379, 381 (114 S. E. 2d 57): "This means simply that, while the claimant is at all times cast with the burden of proof, the evidence offered will, so far as it is genuinely susceptible of construction, be given that construction which is in his favor in determining whether he has carried that burden by a preponderance of the evidence."

The chief test to be applied in determining whether the relationship of the parties under a contract for the performance of service is that of employer and employee, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Home Accident Ins. Co. v. Daniels,* 42 Ga. App. 648 (157 S. E. 245). It is of no consequence, however, that the employer did not exercise this right to control the time and manner of the contract performance. *Old Republic Ins. Co. v. Pruitt,* 95 Ga. App. 235 (97 S. E. 2d 521).

Where the question of control is not discussed at the time the service is engaged, and where it never arises during performance, it is often exceedingly difficult to determine whether the employer had, or intended to reserve, such right. However, it has been held in a number of decisions that where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor. *Mitchem v. Shearman Concrete Pipe Co.,* 45 Ga. App. 809 (11) (165 S. E. 889); *Continental Cas. Co. v. Payne,* 56 Ga. App. 873 (1) (194 S. E. 428); *Campbell v. Travelers Ins. Co.,* 100 Ga. App. 853 (112 S. E. 2d 311); *Asbury v. Public Service Mutual Ins. Co.,* 101 Ga. App. 283 (114 S. E. 2d 40); *Malcom v. Sudderth,* 98 Ga. App. 674, 687 (106 S. E. 2d 367); *Cash v. American Surety Co.,* 101 Ga. App. 379, supra.

It has also been held that, "In order for one to be an independent contractor so as to be outside the protection of the Workmen's Compensation Act, the contract of employment must itself be one, which contemplates a definite beginning, continuance, and ending. [99 C. J. S. 342, § 99 (55)]." *Campbell v. Travelers Ins. Co.*, 100 Ga. App. 853 (3), supra; *Malcom v. Sudderth*, 98 Ga. App. 674, 686, supra.

Under the principles cited above, and considering the entire evidence, it cannot be held that the finding of the board in this case that Guthrie, the person for whom the deceased employee was working, occupied the relation of employee rather than that of independent contractor toward the company, was without supporting evidence. Although there was undisputed testimony that Guthrie had orally contracted with the company to haul the wood chips to the paper company at the rate per cord which the paper company was to pay the employer company, that he was to furnish the necessary trucks and equipment, and that he hired, discharged, directed and paid the employees working under him, the evidence disclosed that the oral agreement provided merely for compensation on a quantitative basis according to prevailing freight rates, fixed no time for its termination, and did not expressly specify anything as to the manner or method of its execution, but that the work load under the agreement was geared to the company's weekly production, and that the employer company retained the right to discharge Guthrie if he did not meet this production, and if he did not properly perform his services.

Accordingly, the evidence adduced on the hearing before the deputy director authorized the inference that the relationship between the lumber company and Guthrie was that of employer and employee and that the claimant's decedent, who was a truck driver working under the control of Guthrie, was a servant of the employer; and as such the claimant was entitled to compensation against the employer and insurance carrier for the death of her husband, which, as stipulated by the parties arose out of and in the course of his employment. The trial judge did not err in affirming the award of compensation.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*