39158. BARBREE v. SHELBY MUTUAL
INSURANCE COMPANY *et al.*

DECIDED JANUARY 9, 1962.

*Bruce W. Kirbo,* for plaintiff in error.

*Conger & Conger, Leonard H. Conger,* contra.

JORDAN, Judge. Where it affirmatively appears from the award in a workmen's compensation proceeding that said award is based upon an erroneous legal theory, and that for such reason the board or hearing director has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Borden Co. v. Dollar,* 96 Ga. App. 489, 490 (100

SE2d 607); *Liberty Mutual Ins. Co. v. Simpson,* 101 Ga. App. 480 (114 SE2d 141); *Baker v. Liberty Mutual Ins. Co.,* 103 Ga. App. 100, 101 (118 SE2d 386); *Wilson v. Swift & Co.,* 68 Ga. App. 701 (23 SE2d 261).

The award of the single director in this case, which was adopted by the full board on appeal, appears to have been based on the erroneous legal theory that the claimant could not have been an employee of the defendant company since he owned and operated his own independent welding business. That this is erroneous, see *Cash v. American Surety Co.,* 101 Ga. App. 379 (114 SE2d 57). The fact that a workman owns and operates his own independent business does not ipso facto preclude him from performing services for another in the pursuit of his trade in the status of an employee rather than an independent contractor. This is simply a circumstance to be considered in determining the actual status of the workman at the time the injury was sustained.

It further appears that the award of the deputy director in this case was also based on the erroneous legal theory that it is the exercise or assumption of the right of control of the time, manner and means of the work which is determinative of the master-servant relationship. This court has on many occasions held that the chief test (though not an all-inclusive one) to be applied in determining the relationship of employer and employee or independent contractor is whether the employer has *the right* to assume control of the manner, means and time of the work. *Bentley v. Jones,* 48 Ga. App. 587, 590 (173 SE 737); *Cash v. American Surety Co.,* 101 Ga. App. 379, 381, supra. It is of no consequence that the employer did not exercise this right. *Davis v. Starrett Bros.,* 39 Ga. App. 422 (147 SE 530). *Home Accident Ins. Co. v. Daniels,* 42 Ga. App. 648 (157 SE 245); *St. Paul-Mercury Indem. Co. v. Alexander,* 84 Ga. App. 207 (65 SE2d 694); *Old Republic Ins. Co. v. Pruitt,* 95 Ga. App. 235 (97 SE2d 521). Furthermore, where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner,

method and means of the performance of the contract, and that the employee is not an independent contractor. *Mitchem v. Shearman Concrete Pipe Co.,* 45 Ga. App. 809 (1) (165 SE 889); *Continental Cas. Co. v. Payne,* 56 Ga. App. 873 (1) (194 SE 428); *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924). It is not necessary for the claimant to work regular hours in order to be classified as an employee. *Lokey & Simpson v. Hightower,* 57 Ga. App. 577 (196 SE 210).

In the instant case there was evidence which would have authorized, though it did not demand, the finding that the defendant company had reserved the right to assume control of the time, manner and method of execution of the work by the claimant. Indeed, a careful examination of the record discloses that this case is one in which the evidence would have authorized the hearing director to find for either party, and likewise, on review by the full board, it was authorized to find for the claimant or for the employer.

It is our opinion, however, that since it affirmatively appears that the award of the deputy director was not based on a consideration of all the evidence in the record but, on the application of an erroneous legal theory to a part thereof, and since his award and findings were simply adopted by the full board, this case must be reversed and remanded to the full board for the purpose of entering a new award in accordance with what is stated herein.

There is no merit to the contention that, under the mandate of the Supreme Court in *American Mutual Liability Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295), the award of the workmen's compensation board must be affirmed if there is any competent evidence in the record before this court to sustain an award in favor of the defendant company. The *Sisson* case, supra, and the opinions of this court based upon it, stand for the proposition that, where the State Board of Workmen's Compensation makes a finding of fact which is supported by the evidence, such finding is conclusive and will not be reversed, although the board has made other findings of fact not essential to the judgment of the case and not authorized by the evidence. That decision does not preclude this court from reversing and remanding

a case to the Board of Workmen's Compensation where it affirmatively appears from the award of the board or deputy director that such award was based upon an erroneous legal theory and not upon a proper consideration of the evidence and applicable legal principles.

*Judgment reversed and remanded with direction. Nichols, P. J., and Frankum, J., concur.*