### 41583. SEARS, ROEBUCK & COMPANY v. POOLE.

HALL, Judge. In this case an employer assigns error on a judgment of the superior court affirming an award of the State Board of Workmen's Compensation granting compensation to the widow of a deceased employee. *Held:*

1. The test to be applied in determining whether an employed workman is a "person in the service of another under any contract of hire," within the meaning of *Code Ann.* § 114-101, is whether the contract of employment between him and the employer gave, or the employer assumed, the right to control the time, manner, and method of executing the work, as dis-

tinguished from the right merely to require certain definite results in conformity with the contract. *American Auto Ins. Co. v. Tanner*, 97 Ga. App. 122, 123 (101 SE2d 875); *Banks v. Ellijay Lumber Co.*, 59 Ga. App. 270 (200 SE, 480); *Fidelity & Cas. of N. Y. v. Windham*, 209 Ga. 592, 593 (74 SE2d 835). The determination is often difficult and the line of demarcation close. *Glens Falls Indem. Co. v. Clark*, 75 Ga. App. 453, 459 (43 SE2d 752); *Bituminous Cas. Corp. v. Wilkes*, 77 Ga. App. 764, 766 (49 SE2d 916); see 1 Larson, Workmen's Compensation Law 672, § 45.31 (b).

In this case there was evidence that the employer's display manager, who was in charge of remodeling work in a store and had the duty to coordinate the work of the various crafts, procured the deceased and other electricians through a union office, and had the authority to discharge them if not satisfied with their work. The electricians were under the supervision of the display manager and were paid at the rate of $5.50 per hour for the actual number of hours they worked. The deceased worked under this arrangement and used material furnished by the employer when the employer had it available, and when the employer did not have needed material it was furnished by the deceased. The deceased submitted weekly bills on forms furnished by the employer for the hours he worked and the materials he had furnished. Prior to his fatal heart attack the deceased had been working in the maintenance department and was directed by the display manager to help another electrician hang some flourescent light fixtures at another place in the store. This evidence authorized the board's finding that the deceased was an employee under the provisions of the Workmen's Compensation Act. *Bituminous Cas. Corp. v. Wilkes*, 77 Ga. App. 764, supra; *Old Republic Ins. Co. v. Pruitt*, 95 Ga. App. 235 (97 SE2d 521); *American Auto Ins. Co. v. Tanner*, 97 Ga. App. 122, supra; *Liberty Lumber Co. v. Silas*, 49 Ga. App. 262 (175 SE 265); *Continental Cas. Co. v. Haynie*, 51 Ga. App. 650, 653 (181 SE 126); *Cash v. American Surety Co.*, 101 Ga. App. 379 (114 SE2d 57); *Travelers Ins. Co. v. Moates*, 102 Ga. App. 778 (117 SE2d 924).

2. In 1963 the legislature amended *Code* § 114-102 to provide that the terms "injury" and "personal injury" shall not include "heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it

is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment." Ga. L. 1963, pp. 141, 142. Before the 1963 amendment the fact that disability or death stemmed from an accidental injury arising out of and in the course of employment had to be proved by some competent evidence and by a preponderance of the evidence; and under the rule that "findings of fact supported by *any evidence* will not be disturbed by the courts on appeal, the finding . . . as to where the preponderance of the evidence lies . . . is necessarily not subject to review." *Ocean Accident &c. Corp. v. Bates,* 104 Ga. App. 621, 622 (122 SE2d 305); *General Motors Corp. v. Pruitt,* 83 Ga. App. 620, 628 (64 SE2d 339). The above provision of the 1963 amendment did not change the law respecting the evidence necessary to prove that an accident arising out of and in the course of employment caused the disability or death.

Accordingly, the testimony of a medical expert, that in his opinion the work the deceased was doing before he fell off a ladder and died of a heart attack precipitated or contributed to cause the fatal attack, was sufficient to support a finding that the claimant's death was precipitated or contributed to by an accident arising out of and in the course of his employment. *Callaway Mills Co. v. Yates,* 106 Ga. App. 9, 10 (126 SE2d 305); *Carter v. Georgia Power Co.,* 107 Ga. App. 380 (130 SE2d 156).

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

ARGUED OCTOBER 6, 1965—DECIDED OCTOBER 22, 1965.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Thomas A. Rice,* for plaintiff in error.

*Alfred Wall,* contra.