42112, 42113. WHITE v. MORRIS et al. (two cases).

ARGUED JUNE 10, 1966—DECIDED OCTOBER 17, 1966—REHEARING DENIED NOVEMBER 15, 1966—

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellants.
*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, Sidney F. Wheeler, Glenn T. York, Jr.,* for appellees.

BELL, Presiding Judge. Sears' supporting affidavits and evidence upon the hearing demonstrated conclusively that defendant Morris was at the time of the collision a servant of General Services Corporation and was not directly controlled by Sears. However, the record is silent as to whether General Services Corporation was an independent contractor so as to insulate Sears from liability. With respect to the relationship between Sears and General Services, the record discloses only that the latter was engaged in performing certain services for Sears.

"Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipuated sum, it is inferable that the employer has retained the right to control the manner, method, and means of the performance of the contract, and that the employee is not an independent contractor." *Mitchem v. Shearman Concrete Pipe Co.,* 45 Ga. App. 809 (1) (165 SE 889); *Continental Cas. Co. v. Payne,* 56 Ga. App. 873 (1) (194 SE 428); *Asbury v. Public Service Mut. Ins. Co.,* 101 Ga. App. 283, 285 (114 SE2d 40); *Cash v. American Surety Co.,* 101 Ga. App. 379, 381 (114 SE2d 57). The relationship of master and servant may exist between corporations as well as between individuals. Alabama Power Co. v. Bodine, 213 Ala. 627 (105 S 869, 871); McWilliams v. Detroit Central Mills Co., 31 Mich. 275.

If General Services was indeed a servant of Sears, the right of General Services to direct and control its employees while acting as Sears' servant would also enure to Sears. Helms v. Sinclair Refining Co., 170 F2d 289, 293. As a general rule, if a servant has authority, express or implied, to employ assistants, the master is liable for the acts of the assistant, or subservant. 57 CJS 280, Master and Servant, § 564; 35 AmJur 969, Master and Servant, § 540. See Restatement, Agency 2d, § 255. Since a corporation can operate only through its officers, agents and

servants, the authority of General Services to employ subservants for the performance of its duties to Sears is necessarily implied. See *Cooper v. Lowery*, 4 Ga. App. 120, 122 (60 SE 1015), where this court said: "If the servant's employment was supervisory in character, and it was usual and customary in such employment for other servants to be employed by him, the master might be liable for any damage caused by the negligence of such subservants." And see *New York Life Ins. Co. v. Smith*, 39 Ga. App. 160 (147 SE 126) and *Bailie v. Augusta Savings Bank*, 95 Ga. 277 (21 SE 717, 51 ASR 74), which deal with the liability of a principal for the acts of subagents.

When construed most strongly against the movant as is required in summary judgment proceedings, the evidence permits the inference that General Services Corporation was a servant of Sears. From that inference it follows that defendant Morris, who was a servant of General Services, was indirectly subject to Sears' control and thus occupied the status of a servant also of Sears, for the actionable negligence of whom Sears would be liable to third parties.

The petition having alleged the existence of a master-servant relationship between defendant Sears and Morris, evidence and inferences therefrom indicating Sears' indirect control of Morris' work are relevant for consideration. This is true because the alleged relationship can exist by virtue of indirect control of the servant's performance as well as by direct control. On motion for summary judgment the evidence must be construed most favorably to the party opposing the motion, and he is to be given the benefit of all reasonable doubts and of all reasonable inferences from it. *Word v. Henderson*, 220 Ga. 846, 848 (142 SE2d 244); *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408); *Malcom v. Malcolm*, 112 Ga. App. 151, 154 (144 SE2d 188).

Since the evidence failed to eliminate from the case the material issue of fact as to whether defendant Morris was a servant of Sears as alleged in plaintiffs' petitions, the trial court erred in granting the motions for summary judgment.

*Judgments reversed. Jordan and Eberhardt, JJ., concur.*