42527. MAXWELL v. HARRELL, by Next Friend, et al.
42528. MAXWELL v. HARRELL et al.

ARGUED JANUARY 10, 1967—DECIDED JANUARY 25, 1967.

*Alexander, Vann & Lilly, Frank T. Holt,* for appellant.

*Bell & Baker, R. A. Bell, Robert L. Bell,* for appellees.

DEEN, Judge. 1. While the master is not ordinarily liable for the negligence of a fellow servant (*Code* § 66-304), he is liable for his own negligence or that of his vice principal acting for him. *Woodson v. Johnston & Co.,* 109 Ga. 454 (1) (34 SE 587). There was evidence in the record to support the allegations of the petition that Powe had sent a fellow servant into the area on the other side of the proposed pond to cut trees, and thereafter sent the plaintiff into the area where he was injured to attach a log to the snaking chain, knowing that the tree felling work was in progress. An inference was authorized that the injury was not due to any negligence on the part of the tree cutter, but to the negligence of Powe in sending the plaintiff into a place of danger. Since the special damages proved by the plaintiff were in excess of the verdict rendered, and the evidence in addition showed severe and painful injuries, the trial judge did not abuse his discretion in granting a new trial to the plaintiff as against Powe.

2. Nor was there error in granting a new trial as against Maxwell unless the trial judge abused his discretion and no other verdict than that rendered could have been returned. *Code Ann.* § 6-1608. "Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifica-

tions for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor. *Mitchem v. Shearman Concrete Pipe Co.*, 45 Ga. App. 809 (1) (165 SE 889); *Continental Cas. Co. v. Payne*, 56 Ga. App. 873 (1) (194 SE 428); *Travelers Ins. Co. v. Moates*, 102 Ga. App. 778, 781 (117 SE2d 924)." *Barbree v. Shelby Mut. Ins. Co.*, 105 Ga. App. 186, 189 (123 SE2d 905). On cross examination Maxwell replied affirmatively to the question: "You were taking care of that labor, and you were expecting him [Powe] as your representative there, to tell that labor what to do, where to go, and how to do it. That's correct, isn't it?" Maxwell also testified that he went down once a week or so. Asked what he did, he replied, "Just look and stay out of the way. I figured if I interfered with them it would be costing me in the long run. They was working by the hour or the day and I figured if I interfered with them I'd be losing time." The plaintiff had originally planned to do the clearing job himself, but was busy with other tasks when it became necessary to do it, and this was the reason for the arrangement between him and Powe for the clearing. Powe made no set price, obtained no profit except for his own labor with the bulldozer, and brought out the laborers as a convenience to Maxwell who ultimately paid for their services by the hour. Whether or not under these circumstances Powe was an independent contractor as to the work of clearing out the trees and brush remains a jury question, and the first grant of the new trial as to Maxwell was not an abuse of discretion.

*Judgments affirmed. Frankum, P. J., and Quillian, J., concur.*