### 61131. GOETTE et al. v. RATIU et al.

McMURRAY, Presiding Judge.

Catherine Goette and Mary Bernard Goette, residing at 310 East Liberty Street, Savannah, Georgia, contend that in the restoration of adjoining property at 308 East Liberty Street,

Savannah, Georgia, Ion Ratiu, their neighbor, together with his architect and his contractor, jointly and severally, damaged their property in performing the restoration. The houses supposedly shared a mutual and common wall and mutual and common chimneys as well as mutual and common sills and stringers beneath the floor joists under the buildings.

Plaintiffs have sued the above parties as defendants for damages, resulting to them by reason of the restoration work, which has occurred to their chimney flues, fireplaces, walls and plaster which allegedly resulted directly and proximately from the joint and several negligence of the defendants. They sought damages in the amount of $40,000 ($30,000 in general damages and $10,000 in punitive damages).

The defendants answered separately, denying in general plaintiffs' claims. The defendant contractor filed a cross claim against the defendant owner and the defendant architect. The defendant owner also filed a cross claim against the other co-defendants, contending that they were independent contractors with whom he had contracted for the renovation of the property and that he at no time sought to undertake to direct either of them in the manner or means in which the renovation was conducted and that if he is found to be liable to the plaintiffs, these defendants shall jointly and severally be liable in like sum to him although he denied any liability.

We are concerned here only with the defendant owner, Ratiu, in whose favor summary judgment has been granted. Motions for summary judgment on behalf of the defendant architect and defendant contractor contending the action was barred by the statute of limitation had previously been denied. The plaintiffs appeal. *Held:*

1. In the defendant Ratiu's answer he only admits that he is the owner of the adjoining property, claiming generally that he was out of the country during most of the time that construction was taking place and that he was informed of problems only after the work was completed and he physically moved into the premises. He does admit, however, that during the restoration that he noticed that the bricks had not been removed from the fireplaces in the living room and dining room "to restore them to their original size," and he sought to have the architect and contractor determine if they could be so restored, depending entirely upon these two professional men to do the entire job. He contends that he did not exercise any control nor retain the right to control either the architect, the contractor, or any of their employees. Copies of the standard form of agreement (AIA Document B131) between the owner and the architect and standard

form agreement between the owner and contractor (AIA Document A111) were attached to his affidavit in support of his motion for summary judgment and interrogatories. He denied any knowledge of the common wall and at all times relied on the expertise of the two experts who had executed the agreements with reference to the renovation. He admits, however, that the hearths of the fireplaces were enlarged to accommodate larger substances.

The architect's contract was for a consideration of 10% of the construction cost for the standard services performed by an architect with an hourly agreement for such additional services that should be rendered. The architect was required to conform to the requirements of the owner who had the power of approval over the architectural design.

The agreement entered into with the contractor provided for compensation of 10% of the cost of the work not to exceed $37,518, and the contractor guaranteed the maximum cost to the owner not to exceed $41,269 except for changes in the work which would be adjusted by the cost of the work plus 10% contractor's fee. The owner by contract maintained his power of approval over the project.

The affidavit of one of the plaintiffs is that the contracts disclose that the owner approved blueprints, issued orders for the opening of the fire boxes, and had the power of approval over the architectural design and construction of the project. Plaintiff's affidavit infers that the fireplaces were never originally constructed as wood-burning fireplaces but as coal-burning fireplaces. Plaintiff's affidavit also deposes that the defendant contractor "disclosed to them [the plaintiffs] that in his judgment his workmen had dislodged mortar while carrying out the removal of brick and mortar, . . ." and upon completion of the fireplaces he felt that the problem would be alleviated.

The defendant owner's affidavit reflects that the opening or widening of the hearths was a part of the original contract, whereas the depositions of the contractor and the architect refer to this work as a change order which was for additional money for the enlarging of the fireplaces or hearths, that is, changing it from coal-burning fireplaces to wood-burning fireplaces. The contractor and the architect infer that the fireplaces were originally for wood burning which were reduced to coal-burning fireplaces, and the work performed was simply to return them to wood-burning fireplaces.

Another issue for determination is when the work was performed and completed, whether the summer of 1972, the latter part of 1972, or when workmen built a fire in the fireplace in the renovated home in February, 1973, as plaintiffs claim their home was

also damaged when smoke and fumes entered their premises. Plaintiff affiant deposed that the contractor assured plaintiffs in December, 1973, that the damage would be corrected, the owner "took the responsibility of promising to have the chimneys repaired 'by Thanksgiving,' " and "the fire boxes were not completed for several months following discovery of the damage in February, 1973." Consequently, as to the renovation of the fireplaces issues of material fact remain as to when this work was completed and whether the construction work done thereon was the restoration of original fireplaces by simply opening sealed fireplaces and restoring same to their original size by removing the bricks or concrete blocks which had been used to close off the fireplaces or the work done was to renovate a coal-burning fireplace by enlarging same for wood-burning purposes.

Under Code § 3-1001 as to actions for trespass or damage to realty, the action shall be brought within 4 years after the right of action accrues. This action was commenced on October 27, 1976. A right of action in tort accrues immediately upon infliction of the injury. See *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424 (151 SE2d 481). Exactly when the structural damages by reason of jacking up the building as claimed has not been shown. The smoke damage occurred in February, 1973, and this would be well within the four years. The completion date of the actual construction as noted in the affidavits as to these are also in conflict. Consequently, it is unclear here as to when all the negligent acts were committed, whether prior to October 27, 1972, or after that date, or from August to November, 1972, or during the year 1973, if, in fact, the work has been completed.

In an earlier order the trial court held in denying the motions for summary judgment by the contractor and the architect that an issue of material fact remains for the jury as to when the work was done. Consequently, it cannot be held as a matter of law that the performance of the work by the architect and contractor, either as the agents, employees, or independent contractors of the owner, would relieve the owner here. Further, the smoke damage is shown to have occurred in February, 1973, even if this be after his acceptance of the work, and this would not relieve the owner of liability. ˙

2. The exact nature of all the damage to the realty has not been disclosed so as to affirmatively determine as a matter of law that same resulted from either the acts of the adjoining owner or by reason of his contracts with an architect and contractor in the renovation of the property. The evidence here does not demand a finding that the damage in renovating the dwelling and in opening the fire boxes was the result of the adjoining owner, his architect, or contractor. By

contract the owner retained certain control and ordered the fire boxes opened. An issue of material fact remains for jury determination with reference to same. See *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924); *St. Paul-Mercury Indem. Co. v. Alexander,* 84 Ga. App. 207 (65 SE2d 694); *Weiss v. Kling,* 96 Ga. App. 618, 619 (101 SE2d 178); *Blair v. Smith,* 201 Ga. 747, 748 (41 SE2d 133); *Asbury v. Public Service Mut. Ins. Co.,* 101 Ga. App. 283, 285-286 (114 SE2d 40); *Harper v. Smith,* 128 Ga. App. 707, 708 (1) (197 SE2d 759); *Moss v. Central of Ga. R. Co.,* 135 Ga. App. 904, 906 (219 SE2d 593).

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 9, 1981.

*John W. Hendrix,* for appellants.
*Charles W. Brannon, Albert N. Remler, J. Harris Lewis, John G. Kennedy,* for appellees.